PATRICIA A. MASSEY & others VS. WILLIAM F. CLOUTIER. Nos. 87-1398 & 88-P-747. November 22, 1988. *Judgment*, Relief from judgment. *Soldiers' and Sailors' Civil Relief Act*.

The defendant is the plaintiffs' former landlord. The plaintiffs brought this action to recover damages for personal injury and loss of consortium due to an accident resulting from, they claim, a negligently maintained stairway. The defendant appeals from a default judgment and from an order denying his motion for relief from judgment.

Service of process was made by leaving a copy of the summons and complaint at the defendant's last and usual place of abode in Acton, Massachusetts, and by mailing a copy thereof. See Mass.R.Civ.P. 4 (d)(1), 365 Mass. 734 (1974). Compare G. L. c. 223, § 31, limited by St. 1973, c. 1114, § 90, to actions in District Courts. An amended complaint and summons were similarly served on March 18, 1987, but, four days later, the plaintiffs learned that the defendant's new home was in Plaistow, New Hampshire. On March 23, 1987, they mailed by certified mail, return receipt requested, a copy of the amended complaint and summons to the defendant at his Plaistow address. The defendant received and signed for that mailing. Thereafter several mailings were sent to the defendant at the Plaistow address, including the motion for default and the motion for default judgment, but it was not until the notice of entry of judgment that the defendant responded, filing at that time an appeal and a motion for relief from judgment under Mass.R.Civ.P. 60(b), 365 Mass. 829 (1974).

The defendant concedes that the court had jurisdiction. He bases his appeal from the judgment on the plaintiffs' failure to file an affidavit under the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, 50 U.S.C. § 520 (1981), and Mass.R.Civ.P. 55(b)(4), 365 Mass. 823 (1974), which states in pertinent part that "no judgment by default shall be entered until the filing of an affidavit . . . showing that the defendant is not a person in military service as defined in Article I of the 'Soldiers' and Sailors' Civil Relief Act' of 1940, as amended, except upon order of the court in accordance with the Act." The absence of the affidavit avails the defendant naught unless he was in military service and entitled to the protection of the Act. *Institution for Savings in Newburyport, petitioner*, 309 Mass. 12, 14 (1941). "Failure to comply with the provisions of the Act and Rule 55(b)(4) renders a default judgment only voidable, not void. Thus . . ., a non-service person cannot have a judgment set aside on that ground . . . ." Smith & Zobel, Rules Practice § 55.7, at 332 (1977).

In determining whether to exercise his discretion to reopen the case, the judge could properly take into account: (1) the fact that the defendant had actual notice of the action prior to the default; (2) the permissible inference that the defendant was aware of and foolishly declined to receive the notices of hearings on the default and damage-assessment hearings; and (3) that the defendant failed to support his motion for relief from judgment with an affidavit showing that the judgment represented a palpable miscarriage of

justice. The principal asseveration of the affidavit was that the parties had agreed at the outset of the tenancy that the defendant should not be responsible for the dilapidated condition of the premises. Such an agreement would not be a defense. See G. L. c. 186, § 15, as amended through St. 1974, c. 575, § 1; *Young* v. *Garwacki*, 380 Mass. 162, 171 (1980). The conclusory assertion that the injuries were modest and the damages excessive is unpersuasive absent some attempt to ascertain and describe the evidence that was presented at the hearing on the assessment of damages — evidence that the judge who denied the motion had heard. The panel are in no position to say that the judge abused his discretion in rejecting the contention and in denying the motion.

> *Judgment affirmed.*
> *Order denying motion for relief from*
> *judgment affirmed.*

*Edward J. Moloney* for the defendant.
*Erin Doherty Turcotte* for the plaintiffs.