Sherman, P.J.
This is an action for breach of contract to recover fifty (50%) percent of the legal fees generated by a New Hampshire motor vehicle case which was referred by the plaintiff, a practicing Massachusetts attorney, to the defendants, practicing New Hampshire attorneys, upon an agreement to share fees.
Prior to the termination of the referred case, the defendants dissolved their *197 partnership. In consequence thereof, defendant Peter K. Marsh allegedly retained more than his proportionate share of the fees generated by the referred case. The plaintiff instituted this suit in the Malden Division of the District Court Department to recover his fifty percent share of the total fees received by defendant Marsh.
The issues presented on this appeal by defendant Marsh pertain exclusively to his default and the unnecessary procedural confusion which thereafter attended his ill-fated attempt to remove this action to the Superior Court Department. Such confusion was largely attributable to the defendant’s own less than diligent attention to procedural requirements, statutory provisionsand judicial orders. However, the inefficiency of the trial court clerk’s office contributed in no small measure to the needless protraction of this matter. A brief glimpse into the procedural morass is in order.
On the day assigned for trial, October 13,1989, defendant Marsh, acting pro se, contacted the Malden Division by telephone to explain that he would be unable to appear because of a claimed illness. The trial court entered a default against the defendant. The docket contains no entry of the issuance of notice of default although the defendant concedes that he received notice.
The report states that on October 20,1989, the defendant filed a motion to set aside the default, while the docket indicates such motion was filed on October 25,1989. A hearing on the defendant’s motion was held, with all parties present, on N ovember 10, 1989. The court allowed the defendant’s motion contingent upon his filing of a bond or deposit by December 8,1989 in an amount ($7,871.31) equal to the full damages assessed by the court at this hearing. The docket does not reflect the issuance of any formal notice of the court’s November 10,1989 order to the parties. The docket also fails to indicate if such order was announced in open court, and the parties disagree on this issue. In any event, the defendant failed to file the requisite bond or deposit, claiming he never received notice of the court’s order.
The next critical date is January 4,1990. The report lists the events of that date as 1) the entry of a default judgment for the plaintiff in the amount of $7,871.31; 2) the allowance of plaintiffs motion for separate judgment against defendant Marsh and 3) the issuance of a writ of execution. The docket, however, contains no chronological entry of a Rule 54 or 55 judgment, or any judgment The docket is devoid of any reference to either the filing of a motion for default judgment or the filing or allowance of a motion for separate judgment. The docket discloses no notice of any judgment to the defendant. The docket in fact sets forth only a single, handwritten notation for January 4,1990 which states: “No bond posted. Exec, to issue.”
The defendant alleges, and it appears undisputed, that the first “notice” he received was a letter from plaintiff s counsel referencing the January 4,1990execution, and that he then attempted to file arequestfor removal, entryfee and bond on January 12,1990. In violation of Rule 77, the clerk’s office took it upon itself to reject and return the removal request and bond to the defendant on the grounds that they were not timely filed. No reference to the defendant’s January 12,1990 filing or the clerk’s unilateral action appears on the docket
Thedocketdoes state that on January22,1990, the defendant filed a “Motion to File Appeal Late and Set Aside Judgment.” After hearing on February 16, 1990, the defendant’s motion to file an appeal late to the Superior Court was denied. However, the court allowed the defendant’s motion to supersede execution and vacate judgment, conditioned upon the defendant’s filing by April 6,1990 of cash or a bond in the full amount of the default judgment Once again, the defendant failed to file the requisite bond. Although the docket is again silent as to an announcement by the court of its order or to any formal notice in lieu thereof, the defendant concedes that the court’s order was made in open court and that he knew and understood the nature of the obligation imposed.
The defendant thereafter claimed a report to this Division which, in settled form, requests resolution of the following questions:
*198 1. Whether the notice to Marsh of the Court’s ruling on his motion to set aside default, entry of default and denial of motion to file appeal was fundamentally fair and consistent with due process of law and the Massachusetts Rules of Civil Procedure.
2. Whether granting Marsh leave to appeal the judgment to Superior Court would comply with the appeal statute, 231, M.G.L.A., §104 (Supp. 1989) which allows an appeal “within 30 days after notice of the decision or finding.’
3. Whether the court erred by its action of January 4,1990 of entry of motion for separate judgment.
1. Question numbertwo pertaining to the G.L.c. 231, §104 requirements forremoval of an action to a superior court is dispositive of this appeal.
The exclusive focus of the defendant and the trial court was on the timeliness of the defendant’s request to remove this case to the superior court for trial by jury. The defendant argues that his January 12 and 22,1990 requests for removal were both timely because they were filedwithin 30 days of the court’s January 4,1990judgments, and that the period for requesting removal on any earlier decision had not expired because no notice of such decision had been received by him.
The failure to file the requisite request for removal, entry fee and bond within thirty (30) days of “notice of decision or finding” as required by G.Lc. 231, §104 constitutes a forfeiture of any statutory right of removal. Bohnwagner v. Sentry Indem. Co., 1986 Mass. App. Div. 149, 150 and cases cited. As the defendant correctly contends, the thirty day period for requesting removal begins to run from the actual receipt of notice of the district court’s decision or finding. Coen Marine Equip. Inc. v. Kurker, 392 Mass. 597, 600 (1984) .Once notice has been received, strict compliance with the statutory prerequisites to removal, including timely filing, is mandatory. A district court judge has no authority to extend the time for effecting the removal of a case pursuant to G.Lc. 231, §104. Newman v. Brennan, 1988 Mass. App. Div. 36, aff'd 27 Mass. App. Ct. 1104 (1989).
However, even assuming arguendo that the defendant’s removal efforts were timely, he still had no right to proceed to the superior court in this case. The reason is that his “appeal” was from the entry of a default or default judgment rather than from a “decision or finding” of a district court H. Sandberg & Son, Inc. v. Clerk, District Court, Northern Norfolk, 12 Mass. App. Ct. 686 (1981). Consistent with the legislative intent to relieve superior court congestion which underlies the G.Lc. 231 statutory scheme, the words “decision and finding” in § 104 must be construed as contemplating a trial or resolution of a case on the merits in a district court prior to removal. A contrary construction would defeat the principal purpose of Chapter 231
by encouraging a practice under which counsel who are prepared to accept the risks of an adverse prima facie case against them could suffer judgments of dismissal or default in aDistrict Courtandunilaterallydelay the presentation of their evidence until the time for trial before a judge or jury in the Superior Court [citation omitted].... [Such] a ruling would work at cross purposes with numerous of the provisions of St.1978, c.478 ... better known as the Court Reorganization Act of 1978.
Id. at 688. To hold otherwise would also negate the §104 provision precluding removal ab initio where the plaintiff’s claim does not exceed twenty-five thousand ($25,000.00) dollars.
The defendant’s sole recourse was thus to secure relief from the default judgment, proceed to trial in the Malden Division and properly request removal after judgment. It is clear that such an opportunity was twice extended to the defendant contingent upon his satisfaction of fee monetary conditions imposed by fee court It is unnecessary to address at length the propriety of fee trial court’s conditional disposition of the defendant’s motions to vacate as the defendant has not contested such action in eifeerwritten or oral arguments to this Division. Dist/Mun. Cts. R. Civ. P., Rule 64(f). It is sufficient to note that a motion to vacate a default or to obtain relief from a default *199 judgment is addressed to the court’s discretion, Silkey v. New England Tel. & Tel. Co., 9 Mass. App. Ct. 816 (1979); Riley v. Davison Construc. Co., 381 Mass. 432 (1980), and conditions may be imposed in connection with the exercise of such discretion. Burger Chef Sys. Inc. v. Servfast of Brockton Inc., 393 Mass. 287 (1984); Currier v. Malden Redevelop. Auth., 16 Mass. App. Ct. 906 (1983).
For the foregoing reasons, the trial court’s denial of the defendant’s “Motion to File Appeal Late” is sustained.
2. In connection with questions one and three, the defendant argues that he was not notified of, and was thus denied an opportunity to be heard on, the plaintiffs January 4,1990 motions for the entry of a default judgment and a separate judgment
Neither these motions, nor the court’s rulings thereon, are attached to the report or entered on the court docket
It is clear, however, that the defendant was not prejudiced by his absence from any January 4, 1990 hearing on the entry of a default judgment herein. Notice and a hearing are required only when a default judgment is to be entered pursuant to Rule 55(b) (2). See, generally, MPV, Inc. v. Department of Revenue, 26 Mass. App. Ct. 932 (1985). As the damages in this case were previously assessed at the November 11, 1989 hearing with all parties present, the damages had been reduced to a sum certain to be entered ministerially by the clerk with a simple addition of statutory costs. The defendant was already in default, and had refused to avail himself of the relief offered by the court to vacate such default. Moreover, the defendant refused similar relief on February 16,1990 from the very default judgment he now contests.
The plaintiffs Dist/Mun. Cts. R. Civ. P., Rule 5(á) failure to serve the defendant with notice of his separate judgment motion is anything but commendable. However, neither this failure, nor the facts in this case which demonstrate the exclusive liability of defendant Marsh for the total damages sought by the plaintiff, suggest any abuse of discretion in the court’s allowance of the plaintiff’s Dist/Mun. Cts. R. Civ. P., Rule 54 motion. See Acme Eng. & Mfgr. Corp. v. Aeradyne Co., 9 Mass. App. Ct. 762, 764-765 (1980). A final judgment may be entered under Rule 54 (b) “only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.” United States Trust Co. of N.Y. v. Herriott, 10 Mass. App. Ct. 313, 321-322 (1980). This case must, therefore, be remanded for the trial justice’s certificate in compliance with Rule 54(b) if the same has not already been attached to his January 4,1990 order.
3. The case is also remanded for the proper entry of judgment by the trial court clerk pursuant to Dist/Mun. Cts. R. Civ. P., Rules 58 and 79 and in accordance with the trial court’s orders of January 4,1990.
We are compelled to comment that this omission is, inexcusably, only one deficiency in the inaccurate, incomplete and slipshod document which purports to constitute a trial court record in this case. Our efforts to analyze and resolve the procedural irregularities by which the defendant claimed to be aggrieved were needlessly hampered by this abysmal docket sheet which not only failed to reflect the filing of documents both parties agreed had been submitted to and acted upon by the court,[2] but also omitted any indication as to whether required notice was given of critical, procedural events.[3]
*200 The Clerk-Magistrates of our district courts must begin to insure the integrity of court dockets. Any potential dissatisfaction of the Bar and public should not be directed at a trial or motion judge whose actions are neither recorded, nor completely and accurately described. A litigant’s pursuit of procedural rights and remedies should not be impaired by clerical carelessness or inefficiency. The efforts of an appellate court to consider legal error and to fashion relief commensurate with the interests of justice should not be frustrated by the absence of a reliable trial court record. Indeed, theproblems inherent in reviewing district court cases with inaccurate or incomplete docket entries are exacerbated by the lack of any uniformity in docketing procedures and docket sheets from court to court. Given the continuance of lax practices in this area, we may soon be forced to forego any attempt to reconstruct procedural histories in many cases and to remand them to the trial court Clerk-Magistrates with instructions to resolve the clutter of prose purporting to be a record before any case can be considered for final resolution.
4. The trial court’s denial of defendant’s motion for late appeal and allowance of plaintiffs motions for entry of judgment are sustained. The case is remanded for the court’s compliance with Rule 54(b), and the clerk’s proper entry of judgment in accordance with the court’s orders.

 Rule 79 of the Dist/Mun. Cts. R. Civ. P. mandates the maintenance of a civil docket by the clerk of each courtand requires that “all papers filed with the clerk, all process issued and returns made thereon, all appearances, orders, verdicts and judgments shall be entered chronologically in the civil docket... These entries shall be brief, but shall show the nature of each papers filed ... and the substance of each order or judgment of the court... The entry of the order or judgment shall show the date the entry is made.”

 Rule 77 (2) (d) provides “unless an order or judgment is entered in open court in the presence ofthe parties ortheir counsel, theclerk shall immediately, upon theentry of an orderorjudgment, serve a notice of the entry by mail... upon each party who is not in default... and shall make a note in the docket of the mailing....”