Sullivan, J.
The defendants appeal from the denial of two motions. The first motion is captioned “Motion To Compel the Removal or Partial Removal of This Action Against Them to the Superior Court Under G.L.c. 231, §104A; To Prohibit the Issuance of An Execution, Or, Alternatively, To Vacate the Finding and Judgment Against Them.” The second motion is a Motion for Relief from Judgment brought pursuant to Dist./Mun. Cts. R. Civ. R, Rule 60(b). We affirm the denial of both motions.
PROCEDURAL HISTORY
The unusual procedural history of this action began on October 11,1988 when the plaintiff filed a complaint against three persons in their capacities as trustees of the Sandcastle Associates Trust seeking damages for breach of contract, breach of warranty, negligence and violation of Chapter 93A The plaintiff also filed a Statement of Damages as required by Dist./Mun. Cts. Supp. R. Civ. R, Rule 102A The amount sought in the Statement of Damages was “less than $25,000.”
The Court called the case for trial two years later on November 8,1990. The defendants failed to appear and were defaulted. Nearly a month later on December 5,1990, the Court conducted an assessment of damages hearing pursuant to Dist./Mun. Cts. R. Civ. R, Rule 55. The defendants did not appear at this proceeding either. Default judgment was entered against the defendants on January 14,1991. The court assessed damages in the amount of $256,006 holding the defendants “individually, jointly and severally” liable. This award consisted of an assessment of actual damages in the amount of $125,000 which was doubled under the authority of Chapter 93A The trial judge also ordered the defendants to pay $6,006 in attorney’s fees and costs.
The defendants then filed a motion for relief from judgment on January 16,1991 seeking relief “from so much of the default judgment as [was] entered against them in this case in their individual capacities,” arguing that the plaintiff’s complaint was brought against them only in their capacities as trustees. After a hearing on January 25,1991, with all parties appearing before the court and represented by counsel, the trial judge issued an order, relieving the defendants from liability in their individual capacities, but specifically affirming the judgment against the trustees of the Sandcastle Associates Trust. The order was conditioned upon the payment of six thousand dollars to the plaintiff in attorney’s fees and costs. The defendant paid these costs within the two week deadline. The trial judge’s conditional order also allowed the plaintiff to amend his complaint nunc pro tunc “to demand... specific relief from the named defendants in their individual capacities....” Shortly thereafter, plaintiff filed his motion to amend and it was allowed on February 2,1991.
Upon the filing of the amended complaint, the defendants removed the case to *62 the Superior Court. G.L.c. 231, §104A That court remanded the case to the Boston Municipal Court within a few months. G.L.c. 231, §102C.
Approximately a year later on June 1,1992, the plaintiff filed a motion for separate and final judgment against the trustees only. A different judge, sitting in the motion session, allowed the motion on June 10,1992. On June 18,1992 the defendants filed a motion, purportedly invoking the authority of G.L.c. 231, §104A, to remove the action brought against them as trustees to Superior Court.
The defendants argued that their motion for removal was timely at this stage of the proceedings because the assessment of damages against them after default “was not a final judgment, but was, rather, only a finding or decision of the court.” The defendants argued that “[a] finding or decision by a District Court is not a final judgment unless or until it is docketed as such pursuant to Mass, [sic][2] R. Civ. R, Rules 58(a) and 79(a) with notice of entry sent under Mass, [sic] R. Civ. R, Rule 77(d) After a hearing, the defendants’ motion to compel removal was denied by the trial judge in his “Rulings on Motions,” dated October 28,1992.
On November 5, 1992, the defendants filed a motion for relief from judgment pursuant to Dist./Mun. Cts. R. Civ. R, Rule 60(b). In this motion the defendants claim that the default judgment against them was void insofar as the amount assessed exceeded the amount requested in the Statement of Damages thereby violating Dist./Mun. Cts. R. Civ. R, Rule 54 (6). The court also denied this motion. We address the denial of the defendants’ two motions.
I. MOTION TO COMPEL REMOVAL
The defendants first argue that their motion to compel removal under G.L.c. 231, §104A was improperly denied.[3] They contend that the judge’s allowance of the plaintiff’s motion to amend his complaint nunc pro tunc, granted on January 29, 1991, had the effect of converting the cause of action to one involving “multiple claims against multiple parties” implicating the provisions of Dist./Mun. Cts. R. Civ. R, Rule 54(b). Rule 54(b) requires the trial judge to refrain from directing final judgment in a “multiple claims against multiple parties” circumstance until all claims are resolved against all parties absent “an express determination that there is no just reason for delay... .”[4]
The defendants argue that “[b]y virtue of the amendment to the plaintiff’s complaint, nunc pro tunc to October 11,1988, the assessment of damages against the defendant trustees was an adjudication by this Court “as to one or more but fewer *63 than all of the claims or parties, within the meaning of Mass. R. Civ. E, Rule 54(b).” As a consequence, they argue that a final judgment never entered against them until the motion judge, not the trial judge, granted the plaintiffs motion for separate and final judgment on June 19, 1992. As a corollary to this, the defendants press the argument that the trial court’s order of January 29,1991, relieving them of individual liability but imposing liability upon them as trustees, to which they assented, was not a final judgment.
We reject these arguments on two different grounds: 1.) there is no right to removal from a District Court or the Boston Municipal Court where the defendant has allowed a default judgment to enter, and 2.) the doctrine of judicial estoppel.
1. No right to removal after default judgment. The defendants’ motion to compel removal disregards the plain fact that they allowed a default judgment to be entered against them in January, 1991. The defendants’ claim of trial by jury in the Superior Court was waived when they allowed the entry of default judgment. InH. Sandberg & Sons, Inc. v. Clerk of the District Court of Northern Norfolk, 12 Mass. App. Ct. 686 (1981), the Appeals Court held that a plaintiff was not entitled to retransfer a case to the Superior Court following a dismissal in the District Court, reasoning that to do otherwise
would defeat the purpose of [Sec.] 102C by encouraging a practice under which counsel who are prepared to accept the risks of an adverse prima facie case against them could suffer judgments of dismissal or default in a District Court and unilaterally delay the presentation of their evidence until the time of trial before a judge or jury in the Superior Court. H. Sandberg & Sons, at 688.
Although the holding in Sandberg applied to a plaintiff whose case was dismissed in the District Court prior to an attempt to remove to Superior Court, by its own language the Sandberg decision reasoned that the same considerations of fairness and efficiency of case management would apply to a defendant who defaults in the District Court or the Boston Municipal Court. Had the defendants appeared and contested this claim in the Boston Municipal Court, they would have had the right to remove the case back to Superior Court However, under the authority of Sandberg, it is clear that such right is waived without first joining the issue in the Boston Municipal Court
Moreover, even if Sandberg did not prohibit removal after a default judgment, the defendants would have been required to file for removal “within thirty days after the notice of finding or decision,”[5] not the entry of separate and final judgment, under G.L.c. 231, §104. In the present case, the defendants had thirty days from the notice of the trial judge’s assessment of damages, entered on the docket January 14,1991, to remove their case. Beyond that date they waived that right.
2. Judicial Estoppel. The defendants’ Motion to Compel Removal is also denied on the independently sufficient basis of judicial estoppel. Given the unusual sequence of events that have occurred in the procedural history of this dispute, we *64 believe that the position taken by the defendants in their Motion to Compel Removal contradicts the position they took in their Motion for Relief from Default Judgment, dated January 16,1991.
In the Motion for Relief from Default Judgment, the defendants sought relief “from so much of the default judgment as has been entered against them in their individual capacities, as opposed to in their capacities as Trustees of the Sandcastle [Associates] Trust.” After the motion was heard, the trial court’s conditional order mirrored the agreement that was sought, and reached, by the defendants in open court. While allowing the Motion for Relief from Judgment in their individual capacities, the trial court’s order states: “[jJudgment against the defendants as trustees of the Sandcastle Associates Trust shall not be altered.”
We believe that the appearance of the defendants in open court, with the benefit of counsel, seeking approval of a Motion for Relief from Default Judgment “from so much of the default judgment as has been entered against them in this case in their individual capacities, as opposed to in their capacities as trustees” should prevent the defendants from thereafter seeking removal to Superior Court by operation of the doctrine of judicial estoppel.
While the Supreme Judicial Court has not expressly announced its recognition of the doctrine of judicial estoppel, the general principle that “[a] party who has successfully maintained a certain position at a trial cannot in a subsequent trial between the same parties be permitted to assume a position relative to the same subject that is directly contrary to that taken at the first trial,” Gordon v. Lewitsky, 333 Mass. 379, 381, (1955), has been applied in a variety of circumstances by our appellate courts. See, Savage v. Blanchard, 148 Mass. 348, 349 (1889); Dominick v. Dominick, 18 Mass. App. Ct. 85, 88, 89, n. 2 (1984); Hubbard v. Peairs, 24 Mass. App. Ct. 372, 378-379 (1987); Correia v. Desimone, 34 Mass. App. Ct. 601 (1993). Judicial estoppel follows a fortiori in the circumstances before us where the inconsistent positions taken by the defendants are not offered in “subsequent trials” but are, in fact, asserted within the same proceeding.
In its latest explication of the doctrine the Appeals Court in Correia cited the First Circuit case, Wang Laboratories, Inc. v. Applied Computer Sciences, 741 F. Supp. 992 (D. Mass. 1990), for a definition of judicial estoppel as “the doctrine under which ‘a party is bound by his judicial declarations and may not contradict them in a subsequent proceeding involving [the] same issues and parties,”’ Correia, supra, quoting from Black’s Law Dictionary 761 (5th ed. 1979), at 603-604. In applying judicial estoppel to an action in which a party sought specific performance of an oral settlement agreement, which had previously been reported, through counsel, to the trial judge, Correia stated that “[i]t defies logic and fundamental principles of fairness to allow, a represented party who has sought justice in a forum to contradict and undermine an agreement it reached and acknowledged in that same forum, especially when the judge and other litigants appear to have relied on that acknowledgement,” Correia, supra, at 604. In the present case, it is clear from the language of the defendants’ Motion for Relief from Default Judgment, and the resulting order that issued from the trial court, that the defendants came into court and bargained for relief from judgment in their capacities as individuals in exchange for accepting judgment as trustees.[6] Under these circumstances, we believe the defendants should be held to their word. ‘The force of oral *65 agreements made in open court and acted on by the court,’ even in the face of statutory requirements of formality has long been recognized,” Correia, supra, quoting Savage v. Blanchard, at 604. We believe that the position the defendants took in their Motion for Relief from Default Judgment is of sufficient contradiction to their subsequent position in their Motion to Compel Removal as to warrant the imposition of judicial estoppel.
We note, too, that the General Court has considered the importance of holding litigants to their statements in the related area of pleadings in G.L.c. 231, §87, which provides, “[i]n any civil action pleadings shall not be evidence on the trial, but the allegations therein shall bind the party making them.” Despite the distinction between pleadings and motions, we believe that the judiciary’s doctrine of judicial estoppel is pari materia with the legislature’s long-standing[7] concern for maintaining the integrity of the judicial process in matters of pleading.
Accordingly, we deny the defendants’ Motion to Compel Removal.
II. MOTION FOR RELIEF FROM JUDGMENT
The defendants claim error in the judge’s denial of their second[8] Motion for Relief from Judgment filed under Dist/Mun. Cts. R. Civ. R, Rule 60(b)[9] on November 5, 1992. The defendants requested that the Court “vacate the judgment entered against them in the amount of $258,692.659[10] and enter judgment in the amount of $25,000.” They argue that the amount of damages awarded after default judgment “cannot exceed in amount that prayed for in the demand for judgment.” In support of this motion the defendants cite Dist./Mun. Cts. R. Civ. R, Rule 54(c) which states: “ [a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment”, as well as Scannell v. Ed. Ferreirinha & Irmao, 401 Mass. 155 (1987). For the reasons set forth below we affirm the denial of this motion.
As noted earlier, the plaintiff filed a Statement of Damages Form with his complaint, as required by Dist./Mun. Cts. Supp. R. Civ. R, Rule 102A Plaintiff’s counsel indicated on the form that the amount of damages sought was “less than $25,000.” This form was never amended. The assessment of the plaintiff’s damages after default totaled $256,006. In his complaint the plaintiff included a demand for judgment, as required by Dist./Mun. Cts. R. Civ. R, Rule 8(a) which stated: ‘WHEREFORE, The Plaintiff, Thomas Zazzara, requests the Court to award him judgement for all his damages, plus interest, costs and attorney’s fees.”
The defendants rely on Scannell, supra and Jabaily v. Cullen, 18 Mass. App. Ct. 943 (1984), to argue that a judgment is void to the extent that it exceeds the amount requested in the demand for judgment. We reject this argument finding that the Statement of Damages Form required by Dist/Mun. Cts. Supp. R. Civ. R, Rule 102A is not the equivalent of a Rule 8(a) demand for judgment for the purpose of restricting a party’s recovery in cases of default judgment.
The demand for judgment under Rule 8(a) (2) is a party’s claim “for the relief to which he deems himself entitled.” Rule 8(a) applies to all pleadings in which a claim for relief is asserted, “whether [as] art original claim, counterclaim, cross- *66 claim or third-party claim.” The remedy sought in a pleading may be legal or equitable: “Rule 8(a) (2) permits the pleader to seek in his claim both legal and equitable relief, either together or in the alternative.” Reporter’s Notes to Mass. R. Civ. E, Rule 8 (1973).
While Rule 8(a) requires every complaint to include a demand for judgment, Dist./Mun. Cts. Supp. R. Civ. E, Rule 102A requires every complaint to be filed with a Statement of Damages Form. There can be little doubt that Supplemental Rule 102A was adopted by the Supreme Judicial Court and imposed on the District Courts and the Boston Municipal Court as a direct consequence of the legislature’s abrogation of the use of the ad damnum clause in civil proceedings. Chapter 208 of the Acts of 1986, codified at G.L.c. 231, §13B, which became effective July 1, 1987, abolished the use of “an ad damnum or monetary amount claimed against any defendant, unless... [the] amount claimed indicates damages which are liquidated or ascertainable by calculation ” Frior to the adoption of G.L.c. 231, §13B, the amount of damages claimed in the demand for judgment was employed as the pivot point in the remand and removal system that exists between the District/ Municipal Courts and Superior[11] Courts. G.L.c. 231, §§102Aand 104. The adoption of Dist./Mun. Cts. Supp. R. Civ. E, Rule 102Atwo weeks after the abrogation of the ad damnum clause[12] was clearly intended to continue the use of the dollar amount claimed in damages as the line of demarcation in the statutory scheme of remand and removal.
As such, the purpose of the Statement of Damages Form is procedural. “It is required because in the District Court the defendant must know the amount of the claim in order to determine whether the action must be removed to the Superior Court prior to the District Court Trial or risk losing the right to jury trial.” FERLIN AND CONNORS, HANDBOOK OF CIVIL FROCEDURE IN THE MASSACHUSETTS DISTRICT COURT, §4:18, at 59, n. 35 (2nd. ed. 1990).
In Scannell, the defendant corporation was assessed damages of $1,750,000 in a products liability case after a default judgment had been entered. The demand for judgment in the plaintiff’s complaint sought damages in the amount of $800,000.[13] On appeal, the defendant corporation requested relief from judgment from so much of the award that exceeded the plaintiff’s demand for judgment. The Supreme Judicial Court held that a plaintiff cannot recover an amount greater than that requested in the demand for judgment in a case of default judgment.
In applying this limitation on damages in cases of default judgment the Supreme Judicial Court observed that Mass. R. Civ E, Rule 54(c)
enables a defendant to make a rational decision whether to defend an action. Since the rule limits the amount of relief a plaintiff can recover upon a default, it permits the defendant to weigh the ascertainable cost of losing by default versus the probable cost of going to trial, and then to choose the less expensive option (citations omitted). A defaulted defendant thus retains a palpable reliance interest in Rule 54(c)’s assurance *67 that his liability on default will in no event exceed the amount of the plaintiff’s demand. Id, at 163.
Although we agree with the sound policy announced in Scannell, we find that the defendants’ reliance on that case is misplaced. The dispute in Scannell involved a demand for judgment, and not a Statement of Damages Form. We reject the defendant’s position that the Statement of Damages Form is the equivalent of a demand for judgment.
Here, the plaintiff Zazzara stated in his complaint that he “request[ed] the court to award him judgment for all his damages, plus interest, costs and attorney’s fees.” Although not denominated as such, this statement, appearing at the end of his complaint, was clearly a “demand for judgment” as required by Dist./Mun. Cts. R. Civ. P., Rule 8(a).[14] The amount indicated on the Statement of Damages Form served the plaintiff’s procedural purpose of properly entering his cause of action in the Boston Municipal Court.
We also distinguish Scannell from the facts in this Report on the issue of reliance on the Statement of Damages Form as the maximum amount sought by the plaintiff. When the defendants appeared in court on January 25, 1991 to argue their first Motion for Relief from Judgment, they were represented by counsel and were fully aware of the amount of damages previously assessed. The argument that they were prejudiced by an award of damages in excess of the amount claimed on the Statement of Damages Form is disingenuous. In their Motion for Relief from Default Judgment the defendants sought a modification of the trial court’s judgment only “from so much of the default judgment as has been entered against them in this case in their individual capacities, as opposed to in their capacities as Trustees of the Sandcastle [Associates] Trust.” On the basis of their own motions, there is no question that the defendants were aware of the amount of damages assessed against them and they accepted this liability in exchange for the trial court’s modification of the order. The judge’s statement contained in his “Rulings on Motions,” dated Oct. 28,1992 supports this view: “[c]ounsel for the defendants made clear that the Trustees of the Sandcastle Associates Trust had no further interest in the defense of this matter and accepted liability and final judgment in same.” No inference can reasonably be drawn that the defendants relied on the amount stated in the Statement of Damages Form as the maximum extent of their liability.
Moreover, we also find, for the same reasons set forth earlier, that the doctrine of judicial estoppel should apply to this motion to vacate judgment. The defendants’ appearance in open court to argue their motion for relief “from so much of the default judgment as has been entered against them in their individual capacities, as opposed to in their capacities as trustees of the Sandcastle Trust,” amounted to a waiver of any further objection to the final judgment reached in this matter.
For all the foregoing reasons, the Report is dismissed.

Although the defendants inadvertently cite the Massachusetts Rules of Civil Procedure, this case was governed by the District/Municipal Courts Rules of Civil Procedure which are cognates of the Massachusetts Rules of Civil Procedure, but as to Rules 58(a), 79(a) and 77(d) are not identical. For purposes of the issues in this appeal the variances are not material.

As noted earlier in his opinion at page 1, the defendants also sought to prohibit the issuance of an execution in this same motion. Because me affirm the denial of the motion to compel removal, we do not reach this issue.

Dist./Mun. Cts. R Civ. R, Rule 54(b) states: ‘When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other, form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.”

We note that Perlin and Connors indicate that this statutory provision, which determines the timeliness for filing a motion to remove to Superior Court, is “outmoded and should be amended so that the time period runs from the date of entry of judgment.” M. G. PERLIN AND J. M. CONNORS, HANDBOOK OF CIVIL PROCEDURE IN THE MASSACHUSETTS DISTRICT COURT, §10.2, at 193 n. 10 (2nd. ed. 1990) . Nevertheless, this statute was in effect during the relevant time period and the defendants were bound to observe the deadline if they sought to exercise their right of removal. We note, as well, that it is quite common in the District and Municipal Courts to have a finding or decision enter on one date and a judgment enter on a much later date, e.g. in the case of an action under Chapter 93A when there may be a later hearing on costs and attorney’s fee where findings by, the judge will be melded with earlier findings or a decision on liability and damages to produce a judgment.

During oral argument of this matter, counsel for the defendants stated that, at the time both parties appeared in court for a hearing on the Motion for Relief From Default Judgment, the defendant trust was without assets and was unable to satisfy any judgment. Thereafter, the parties discovered the existence of an insurance policy. While the defendants may have considered themselves judgment-proof at the time they accepted liability as trustees, this misapprehension cannot relieve them of the consequences of their consent to the order they sought.

The earliest version of G.L.c. 231, §87 was enacted in 1836. R.S. 1836, c. 100, §18.

Hhe first Motion for Relief from Judgment was, of course, the motion filed January 16,1991 seeking relief from judgment in their individual capacities. See above, P-2.

Although the defendants bring their motion under Dist./Mun. Cts. R. Civ. R, Rule 60(b), they do not disclose under which subsection they proceed.

We assume the discrepancy between the amount of the original finding and this judgment reflects interest added by the Clerk Magistrate under G.L.c. 231, §6C and Dist./Mun. Cts. R. Civ. R, Rule 55(f).

The Civil Action Cover Sheet required by Super. Ct. Rule 29 is the corresponding device used for cases commenced in the Superior Courts.

District/Municipal Cts. Supp. R. Civ. E, Rule 102A was adopted July 16,1987, effective July 20,1987.

 A footnote in Scannell raised, but did not resolve, the issue now before us. The plaintiff in Scannell filed his complaint in February, 1979, prior to the legislature’s abrogation of the ad damnum clause in July, 1987. When Scannell was decided in November, 1987, the Supreme Judicial Court noted the recent adoption of Dist./ Mun. Cts. Supp. R. Civ. E, Rule 102A, requiring the Statement of Damages Form in all civil actions commenced in the District courts, but did not define its purpose in relation to the demand for judgment. Scannell, at 164, n. 9.

Dist./Mun. Cts. R. Civ. R, Rule 8 (a) states in relevant part: “Claims for Relief. A pleading which sets forth a claim . . . shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled.”