Donohue, J.
BACKGROUND
Plaintiff, Anthony Barca, Jr. (“Barca”), alleges he sustained personal injuries as a result of a motor *517 vehicle accident with the defendant, John Jonkowski (“Jonkowski”), on December 4, 1987. On December 3, 1990, Barca brought suit in the Worcester Superior Court. On April 9, 1991, this court (Travers, J.) transferred this matter, pursuant to G.L.c. 231, §102C, to Westborough District Court.
On September 6, 1991, the Westborough District Court entered a final judgment for dismissal in defendants’ favor as Barca failed to answer Interrogatories. Over one year later, on October 14, 1992, Barca filed a motion for relief from the default judgment, which was allowed by the district court on November 12, 1992, despite opposition from defendants. Defendants then appealed that decision to the Appellate Division of the District Court.
On September 23, 1994, the Appellate Division found an abuse of discretion by the district court’s allowance of the motion for relief from default judgment and ordered the clerk to enter on the docket that relief from judgment is denied. On October 3, 1994, Barca filed a motion in the Westborough District Court to retransfer this matter, pursuant to G.L.c. 231, §104, to this court. On October 24, 1994, the motion to retransfer was allowed by the district court.[2] Defendants have now moved this court to dismiss the retransfer from district court.
For the reasons set forth below, defendants’ motion to dismiss Barca’s retransfer and appeal pursuant to G.L.c. 231, §104 is hereby ALLOWED.
DISCUSSION
A. Retransfer Pursuant to G.L.c. 231, §102C[3]
G.L.c. 231, §102C permits this court to transfer an action to district court if “there is no reasonable likelihood that recovery will exceed twenty-five thousand dollars . ..” On April 9, 1991, this court (Travers, J.) exercised its discretion and transferred this matter to the Westborough District Court pursuant to G.L.c. 231, §102C.
In addition to granting the justice of the superior court discretion to remand an action to district court for failure to meet the jurisdictional amount, G.L.c. 231, §102C also provides that “(a]ny party to the transferred action aggrieved by the finding or decision [of the district court] may as of right have the case retransferred for determination by the superior court . . .”[4] G.L.c. 231, §102C does not require Barca to file an entry fee or bond as required by G.L.c. 231, §§103-104. Defendants, however, assert that the entry of a default judgment is not a “finding or decision” and, therefore, Barca can not retransfer this action to superior court.
In H. Sandberg & Son, Inc. v. Clerk of the Dist. Court of N. Norfolk, 12 Mass.App.Ct. 686, 687-89 (1981), further appelate review denied, 385 Mass. 1101 (1982), the court discussed the phrase “finding or decision” and held that a plaintiff was not entitled to retransfer a case to the superior court following a dismissal in the district court. See Zazzara v. Townsend, 1994 Mass. App. Div. 61, 63 (1994) (holding no right to removal after default judgment); Farese v. Segal, 1990 Mass. App. Div. 196, 198 (1990) (stating appeal of default judgment was not “decision or finding”). The court in H. Sandberg & Son, Inc., supra at 688, reasoned that allowing a party to retransfer after dismissal ’’would defeat the purpose of §102C by encouraging a practice under which counsel who are prepared to accept the risks of an adverse prima facie case against them could suffer judgments of dismissal or default in a District Court and unilaterally delay the presentation of their evidence until [before the superior court]." See Zazzara v. Townsend, supra at 63 (adopting such reasoning).
The Zazzara court extended the same logic to a default judgment entered against the defendant and stated “it is clear that such right [to retransfer] is waived without first joining the issue in the [district court].” Id. In Farese v. Segal supra at 198, the court also stated that the retransfer statute contemplates “a trial or resolution of a case on the merits in a district court prior to removal.” In light of the foregoing, this court believes the final judgment for dismissal entered against Barca is not a “finding or decision” as stated in G.L. 231, §102C. As such, Barca can not retransfer this matter to the superior court. Barca’s appropriate avenue was to appeal the Appellate Division’s decision directly to the Court of Appeals or Supreme Judicial Court.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants’ motion to dismiss plaintiffs retrans-fer and appeal pursuant to G.L.c. 231, §104 is hereby ALLOWED.

Notation on the motion stated it was being treated as a claim for jury trial in accordance with G.L.c. 231, §103 and was therefore allowed.

Barca moved for retransfer pursuant to G.L. c. 231, § 104, and the district court granted the motion citing G.L.c. 231, §103. For the following reasons, this court believes Barca's appropriate avenue for retransfer is pursuant to G.L.c. 231, §102C, which this court shall address in the interests of justice.
G.L.c. 231, §104 allows removal from district court to superior court if a party has a claim asserted against them in excess of twenty-five thousand dollars and complies with certain procedures. G.L.c. 231, §104 is designed to allow parties, after the original claim has been filed, to transfer the action to superior court if new claims, counterclaims, or cross-claims are asserted against them that exceed twenty-five thousand dollars. G.L.c. 231, §104 concludes by stating that a party who would have been entitled to remove the case, except for failure to meet the jurisdictional amount, can seek a superior court trial in accordance with G.L.c. 231, §102C by complying with certain procedures. As Barca is a plaintiff and the defendants have asserted no claims against him, he fails to qualify under the statutory language. Even if this court were to assume Barca was entitled to remove the action, except for the jurisdictional amount, such a removal would be treated as a retransfer pursuant to G.L. 231, §102C.
*518 G.L.c.231,§103 states, In pertinent part “[i]f a party elects to bring in any district court any action or other civil proceeding which he might have begun in the superior court [he waives a trial by jury unless he complies with certain procedures] ...” As Barca originally filed his claim in Worcester Superior Court, however, the court believes that G.L.c. 231, §103 is inapplicable. In any event, Barca failed to comply with the fee and bond requirements of G.L.c. 231, §§103-104 within the required time periods. By failing to comply with the procedural requirements of G.L.c. 231, §§103-104, Barca can not benefit from those statutes’ provisions. See H.K. Webster Co. v. Mann. 269 Mass. 381, 384 (1929) (stating failure to perform statutory prerequisites deprives person of right).

In accordance with G.L.c. 231, §102C, the aggrieved party must file their request to retransfer within ten days after notice of the finding or decision. The aggrieved party’s ten-day period may also be extended pending final disposition of the case by the Appellate Division. See Orasz v. Colonial Tavern, Inc.. 365 Mass. 131, 139 (1974); Heil v. McCann. 360 Mass. 507, 510 (1971); McGloin v. Nilson, 348 Mass. 716, 719 (1965); but see Coen Marine Equip., Inc. v. Kruker, 392 Mass. 597 (1984) (stating filing motion for new trial did not toll time period under G.L.c. 231, §104). See also Rice v. Finnegan, 1992 Mass. App. Div. 111, 111-13 (1992) (discussing tolling of period).
After the entry of a default judgment against Barca on September 6, 1991, Barca failed to take any action for over one year, well in excess of the ten-day period allowed to file notice of retransfer. Barca’s motion for relief from judgment was then granted by the district court on November 12, 1992, and reversed by the Appellate Division on September 23,1994 as an abuse of discretion. Barca then filed a notice to retrans-fer on October 3, 1994, which is within ten days of the Appellate Division’s decision. While this court’s decision is based on other grounds, this court feels it necessary to state that it does not believe the ten-day period can be stretched to this extent. In Coen Marine Equip., Inc. v. Kruker. supra at 602-03, the court differentiated McGloin and Orasz by stating “a motion for a new trial, calling for an exercise of discretion by the judge, does not trigger the same concerns [as reviewing the decision to enable the superior court to give it prima facie weight].” This court would be inclined to follow the logic set out in Coen Marine Equip., Inc. v. Kruker, supra, and rule that Barca’s motion for relief from judgment does not toll the ten-day period and, as such, he has not complied with the mandate of G.L.c. 231, §102C.