Dawley, J.
This motor vehicle tort action was dismissed for the plaintiffs’ failure to attend a pretrial conference. The plaintiffs have appealed the denial of their motion to vacate the dismissal order.
There was no error.
The accident occurred on January 15,1999. Suit was commenced on January 8, 2002 in the Plymouth Superior Court, and thereafter transferred for trial to the Hingham District Court pursuant to former G.L.c. 231, §102C.[3] By notice dated March 27, 2003, the trial court ordered the parties to participate in a pretrial conference on June 16,2003. When neither the plaintiffs, nor their attorney, appeared for the scheduled conference, the action was dismissed. See District Court Department Standing Order 1.88; G.L.c. 231, §59G.
On July 11, 2003, the plaintiffs filed a Mass. R. Civ. R, Rule 60(b), motion for relief from the dismissal order on the stated grounds that discovery was still pending, the plaintiffs would be severely prejudiced by the dismissal and the defendants would not be prejudiced by the vacating of that order. Stamped on the face of the motion was a “certificate of service” reciting that a copy of the motion had been mailed “to the attorneys of record for all other parties” on June 19, 2003, three weeks before the motion was filed. In his cover letter, plaintiffs’ counsel requested the clerk’s office to “mark this motion and schedule a pretrial conference at the court’s convenience.” The plaintiffs did not request a hearing date, nor did they malee any subsequent inquiry about the status of their motion.
Sixteen months later, on December 3, 2004, new counsel filed his appearance for the plaintiffs and scheduled their Rule 60(b) motion for hearing. The plaintiffs’ sole argument at the hearing was that they had a “very valid claim” which should be allowed to proceed. The plaintiffs motion was denied on December 9,2004.
1. “It is elementary that relief from a default judgment pursuant to Mass. R. Civ. R, Rule 60(b) (1), is unwarranted in the absence of a threshold demonstration by the moving parly of some mistake, neglect or inadvertence which was excusable.” Fleet Nat’l Bk. v. Smith, 1999 Mass. App. Div. 163, citing Cullen Enterprises, Inc. v. Massachusetts Prop. Ins. Underwriting Ass’n, 399 Mass. 886, 894 (1987). The plaintiffs’ motion stated only that discovery was ongoing, an assertion that merely iden *45 tified the obvious pretrial stage at which their neglect occurred. In all other respects, the plaintiffs’ motion was a Rule 60(b)(1) non sequitur as it did not address the central issue of whether their failure to appear at the scheduled conference was somehow excusable. It was incumbent upon the plaintiffs to demonstrate that the inaction which culminated in the dismissal of their complaint was not simply the result of their own carelessness or even of an intentionally chosen course of conduct. Scannell v. Ed. Ferrierinha & Irmao, LDA, 401 Mass. 155, 158 (1987). Nothing in the plaintiffs’ motion, nor in their conclusory argument at the hearing, satisfied their Rule 60(b) (1) burden.
The plaintiffs suggest for the first time on appeal that they are entitled to Rule 60(b) (1) relief because they met the criteria set forth in Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430-431 (1979). That argument “misapprehends the discretionary nature of the rule 60(b) decision.” Scannell v. Ed. Ferrierinha & Irmao LDA, supra, at 159. There is no right to Rule 60(b) relief even where a party “has clearly satisfied all the factors set forth in Berube as a guide for the court’s exercise of its discretion [citations omitted]. The allowance or denial of a Rule 60(b)(1) motion remains within the discretion of the trial judge.” Zisler v. Ayan, 1992 Mass. App. Div. 95, 97. See also Hanover Ins. Co. v. Viera, 2004 Mass. App. Div. 199, and cases cited.
Moreover, contrary to their contention, the plaintiffs did not satisfy all of the Berube factors. While they brought their motion within the one-year time limit of Rule 60(b)(1),[4] the plaintiffs delayed 16 months before obtaining a hearing and ruling by the trial court. The motion judge could thus have properly determined that the plaintiffs failed to act “promptly ... to assert [their] claim for relief. ...” Berube, supra at 430. Further, there was nothing before the court to indicate that the neglectful conduct in question was not a deliberate strategy by the plaintiffs or their counsel, or was not equally attributable to the plaintiffs as well as their attorney. The plaintiffs’ contention in their appellate brief that the “record fails to reflect” that their conduct was intentional misstates a moving party’s Rule 60(b)(1) burden. The plaintiffs were obligated to demonstrate affirmatively, by affidavit, Cicchese v. Tape Time Corp., 28 Mass. App. Ct. 72, 75 (1989), that relief from the dismissal order was warranted. They failed to advance any specific information in support of their claim for relief.
2. Primarily for the same reasons, there was no abuse of discretion in the denial of the plaintiffs’ motion under Rule 60(b)(6), which requires “extraordinary circumstances,” Powers v. H.B. Smith Co., 42 Mass. App. Ct. 657, 660 (1997), beyond those cognizable as a predicate for relief under Rule 60(b) (1) through (b) (5). Parrell v. Keenan, 389 Mass. 809, 814 (1983). The plaintiffs contend, again for the first time on appeal, that the dismissal order resulted solely from the “gross neglect” of their legal interests by their former attorney, and that such “gross neglect” constituted extraordinary circumstances warranting Rule 60(b) (6) relief in the interests of justice. Again, however, the plaintiffs failed to submit affidavits or any support *46 ing materials to substantiate these new assertions in their brief.
Moreover, even if substantiated, the alleged “gross neglect” would not have required Rule 60(b) (6) relief. In rejecting the approach followed in some Federal cases wherein Rule 60(b) (6) relief was granted for the “gross neglect” of counsel, the Massachusetts Appeals Court noted that Rule 60(b) (6) has an “extremely narrow and meagre scope.” Tibbitts v. Wisniewski, 27 Mass. App. Ct. 729, 732 (1989). Citing Link v. Wabash R.R. Co., 370 U.S. 626, 633-634 (1962),[5] the Appeals Court ruled that “[cjlients, to be sure, may lose substantive rights because of the gross neglect of their lawyers, but litigants are properly bound by the conduct of their attorneys.” Id. at 733. The Court further noted that “ [i]f one peels away the gross negligence argument advanced by the plaintiff and examines the reasons he urged ... in support of a favorable exercise of discretion on his motion to vacate judgment, those reasons turn out to ñt the mold of Rule 60 (b) (1)....” Id. As in Tib-bitts, the plaintiffs in this case could not convert their Rule 60(b) (1) motion into a Rule 60(b) (6) request by the simple expedient of characterizing ordinary mistake or inadvertence as the “gross neglect” of their former attorney. Even if the argument had been presented to the motion judge, no abuse of discretion would have attended the denial of Rule 60(b) (6) relief.
Affirmed.
So ordered.

 The former system for the transfer and removal of civil cases between the District and Superior Courts, G.L.c. 231, §§97-107, was replaced state-wide by the “one trial system” in 2004. See St. 2004, c. 252.

 As Rule 60(b) mandates that motions under subsection (b)(1) be “made” within one year of the judgment sought to be vacated, the plaintiffs’ motion had to be served within that one-year period and filed within a reasonable time thereafter. See Russell v. Pride Convenience, Inc., 37 Mass. App. Ct. 502, 505 (1994) (construing term “made” in Mass. R. Civ. R, Rule 52(b)); Richardson v. Foodmaster Supermarket, Inc., 1998 Mass. App. Div. 49 (same). The docket indicates that the motion was filed 25 days after the dismissal order; and the motion’s certificate recites that it was served three weeks earlier. The motion judge was not required to consider the affidavit of defendants’ counsel to the effect that he never received a copy of the motion as the affidavit was unsigned and undated.

 In Link, the U.S. Supreme Court affirmed the denial of relief from a judgment of dismissal entered for the failure to attend a pretrial conference.