Cote, J.
This is the defendant’s expedited appeal from the entry of a default judgment and an assessment of damages. For the reasons stated below, we affirm the judgment and dismiss the appeal.[1]
On June 5, 2007, plaintiff Jose Ocasio (“Ocasio”) filed a civil motor vehicle tort action against defendant Herberto Muniz (“Muniz”) in Worcester District Court. The Registrar of Motor Vehicles’ return of service was recorded on the civil docket sheet on August 14,2007.[2] At the time of the Registrar’s service, Muniz was incarcerated in the Worcester County house of correction and was unaware that this action had commenced. On September 19, 2007, Ocasio’s attorney informed Muniz’s motor vehicle liability insurer, Sentry Insurance Company (“Sentry Insurance”), that its insured *182 had defaulted and that he intended to file a motion for assessment of damages. Ocasio’s letter was delivered to Sentry Insurance on September 25, 2007, at 8:02 AM., a day after his Motion to Assess Damages was recorded on the civil docket sheet by a clerk. The motion was heard on October 17,2007. Following the hearing, the motion judge awarded Ocasio $18,090.00 in damages, plus interest and costs. On November 29, 2007, Sentry Insurance moved to vacate the default judgment. The motion was heard on December 3,2007, and denied on December 24,2007.[3]
1. Muniz first contends that the motion judge committed an error of law by ordering a default judgment before an entry of default had been recorded by the clerk-magistrate. Under Mass. R. Civ. E, Rule 55(a), a clerk “shall” enter a default whenever a defendant has failed to plead or otherwise defend an action, and that fact is made to appear by affidavit or otherwise.[4] The motion judge determined that Muniz had been defaulted notwithstanding the absence of any entry of default on the docket sheet. Muniz presents us with no information in the form of a transcript, affidavit, or otherwise that would cause us to question the validity of the motion judge’s determination. The burden is on the appellant to come forward with any evidence “as may be necessary to decide the questions of law presented.” Dist./Mun. Cts. R. A D. A, Rule 8A(a) (4). Demoulas Super Mkts., Inc. v. Ryan, 70 Mass. App. Ct. 259, 265 n.10 (2007) (“The burden to provide a complete record is, of course, on the appellant”).[5] Accordingly, we find no error.
2. Muniz next contends that Ocasio moved for an assessment of damages, but not for a default judgment. Ocasio’s motion, though captioned “Motion to Assess Damages Against the Defendant,” contained a prayer for a default judgment, thus satisfying the requirement that the motion be in writing. Mass. R. Civ. R, Rule 55 (b) (4); Mass. R. Civ. E, Rule 7(b). Nothing in the record otherwise suggests error.
3. Muniz also argues that Ocasio’s failure to file a military affidavit before entry of the default judgment violated Mass. R. Civ. E, Rule 55(b) (6). While it is true that Ocasio did not file the affidavit, its absence “avails the defendant naught unless he was in military service and entitled to the protection of the [Soldiers’ and Sailors’ *183 Civil Relief] Act.” Massey v. Cloutier, 26 Mass. App. Ct. 1003 (1998), citing Institution for Sav. in Newburyport, petitioner, 309 Mass. 12, 14 (1941). “Failure to comply with the provisions of the Act and Rule 55 (b) (4) renders a default judgment only voidable, not void. A nonserviceperson therefore cannot have a judgment set aside on that ground....” J.W. SMITH & H.B. ZOBEL, RULES PRACTICE §55.7, at 259 (2007), citing Massey, supra. The record is devoid of any information regarding Muniz’s military service, except that, by his own admission, he was incarcerated at the time suit was initiated. Accordingly, we find no error.
4. Muniz further maintains that Ocasio failed not only to serve Sentry Insurance with a four-day notice of the hearing on his application for default damages, but also to file an affidavit of compliance as required by G.L.c. 231, §58A. Damages may not be assessed against a defendant in a motor vehicle tort action who has been defaulted for failure to enter an appearance until the expiration of four days after the plaintiff has given notice of the default to the defendant’s motor vehicle liability insurer.[6] Our review of the record indicates that Ocasio served a notice of entry of default on Sentry Insurance more than four days before the award was made.[7] The statute does not require a plaintiff in such a case to give the insurer notice of the date, time, and place of the hearing on his application for an assessment of damages. Thus, the absence of such notice is irrelevant. Sentry Insurance received timely notice of the entry of default. Accordingly, we believe that Ocasio’s failure to file an affidavit of compliance caused it no prejudice. Cf. Higbee v. Ambassador Taxi, Inc., 369 Mass. 967, 968 (1976) (insurer denying having received notice of default).
5. Muniz also contends that the motion judge’s award of damages was in excess of the amount permitted by Mass. R. Civ. E, Rule 54(c) .[8] Scannell v. Ed. Ferreirinha & Irmao, Lda., 401 Mass. 155, 163-164 (1987). For the reasons stated in Zazzara v. *184 Townsend, 1994 Mass. App. Div. 61, 65,[9] we reject Muniz’s argument and find that a District Court Statement of Damages is not the equivalent of a Mass. R. Civ. P., Rule 8(a) demand for judgment for the purpose of restricting a party’s recovery in cases of default judgment.[10]
6. Lastly, Muniz contends that the motion judge’s denial of his Motion to Vacate the Assessment of Damages amounted to an abuse of discretion. A judge may set aside an entry of default and a default judgment for good cause shown, including mistake, inadvertence, and excusable neglect. Mass. R. Civ. R, Rule 60(b). Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430-431 (1979) sets forth a number of factors to be considered by a judge when asked to set aside a default judgment on the basis of excusable neglect.[11] However, “[tjhere is no right to Rule 60(b) relief *185 even where a party “has clearly satisfied all the factors set forth in Berube. ... The allowance or denial of a Rule 60(b) (1) motion remains within the discretion of the trial judge.’” Lewis v. McAlpine, 2006 Mass. App. Div. 44, 45, quoting Zisler v. Ayan, 1992 Mass. App. Div. 95, 97. “[T]he denial of a motion under Rule 60(b) (1) will not be disturbed except upon a clear showing of abuse of discretion.” Nolan v. Weiner, 4 Mass. App. Ct. 800 (1976). We will not reverse a judge’s decision “except upon a showing of a clear abuse of discretion.” Scannell, supra at 158. Our review of the record leads us to conclude that Muniz has not exposed an abuse of discretion.[12]
Judgment for the plaintiff is affirmed. Appeal dismissed.
So ordered.

 The appellant in a Dist./Mun. Cts. R. A. D. A., Rule 8A, expedited appeal is not required to file a transcript. Allowable submissions include “copies of pleadings and other documents, as may be necessary to decide the questions of law presented.” Dist./Mun. Cts. R. A. D. A., Rule 8A(a) (4). In this appeal, we have considered letters and affidavits submitted by the parties as attachments to their briefs, in addition to the civil docket sheet. The defendant-appellant did not file transcripts of the hearings on the plaintiff’s application for default judgment and the defendant’s motion to vacate default judgment.

 The Registrar mailed the complaint to Muniz’s last known address. G.L.C. 90, §3D.

 The motion judge cited the following reasons for denying Sentry Insurance’s motion: (1) Ocasio’s request for default was in fact mailed and received in Worcester District Court; (2) Muniz failed to introduce evidence supporting his contention of a meritorious defense; (3) Muniz Med to respond to the service of process by the registry of motor vehicles on June 20, 2007; (4) Muniz waited two months after receipt of Ocasio’s notice of intent to default before taking any action; (5) Muniz failed to provide good cause for ignoring the registry of motor vehicles’ service of process or its receipt of the Notice of Default; (6) Ocasio “at all times” complied with the requirements of Rules 55 (a) and 55 (b) (3) and (4); and (7) Muniz failed to sustain his burden of proving good cause and, therefore, failed to satisfy the requirements of a Rule 55(c) and Rule 60(b) motion.

 Rule 55 of the Mass. R. Civ. E was amended, effective March 1,2008. The events leading to this appeal occurred before that date. Accordingly, the preamendment rule applies to this case. The amendment did not alter Rule 55(a).

 At oral argument before this Division, Ocasio argued that his pleading was most likely misplaced by the trial court clerk’s office, which at the time was moving its operations to a new court house.

 “Damages shall not be assessed, except by special order of the court, in an action in which payment of the judgment is secured by a motor vehicle liability policy or a motor vehicle liability bond, both as defined in section thirty-four A of chapter ninety, and wherein the defendant has been defaulted for failure to enter an appearance, until the expiration of four days after the plaintiff has given notice of such default to the company issuing or executing such policy or bond, and has filed an affidavit thereof. Such notice may be given by mailing the same, postage prepaid, to the said company or to its agent who issued or executed such policy or bond.” G.L.c. 231, §58A.

 Ocasio’s notice to Sentry Insurance read as follows: “You are hereby notified under the terms of Chapter 231, Section 55A [sic] of the Massachusetts General Laws that the defendant, Herberto Muniz, in the above entitled case, docket number 0762 CV 1641, pending in the Worcester District Court, Commonwealth of Massachusetts, has been defaulted for failure to enter an appearance. Please be advised that I shall file a Motion to Assess Damages in accordance with the provisions of Chapter 231, Section 58A.”

 Mass. R. Civ. P., Rule 54(c) provides: “A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a par ty against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.”

 “While Rule 8(a) requires every complaint to include a demand for judgment, Dist./Mun. Cts. Supp. R. Civ. R, Rule 102A requires every complaint to be filed with a Statement of Damages Form. There can be little doubt that Supplemental Rule 102A was adopted by the Supreme Judicial Court and imposed on the District Courts and the Boston Municipal Court as a direct consequence of the legislature’s abrogation of the use of the ad damnum clause in civil proceedings. Chapter 208 of the Acts of 1986, codified at G.L.c. 231, §13B, which became effective July 1,1987, abolished the use of ‘an ad damnum or monetary amount claimed against any defendant, unless . [the] amount claimed indicates damages which are liquidated or ascertainable by calculation. ...’ Prior to the adoption of G.L.c. 231, §13B, the amount of damages claimed in the demand for judgment was employed as the pivot point in the remand and removal system that exists between the District/Municipal Courts and Superior Courts. G.L.c. 231, §§102A and 104. The adoption of Dist./Mun. Cts. Supp. R. Civ. R, Rule 102A two weeks after the abrogation of the ad damnum clause was clearly intended to continue the use of the dollar amount claimed in damages as the line of demarcation in the statutory scheme of remand and removal.” Zazzara, supra at 66.

 “A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment.” Mass. R. Civ. R, Rule 54(c). “A pleading which sets forth a claim for relief... shall contain... a demand for judgment....” Mass. R. Civ. R, Rule 8(a). “In all civil actions governed by the District/Municipal Courts Rules of Civil Procedure, a party seeking relief in the form of money damages in a complaint, crossclaim, or counterclaim shall state the amount of said money damages claimed on the form prescribed therefor by the Administrative Justice of the District Court Department or the Administrative Justice of the Boston Municipal Court....” Dist./Mun. Cts. Supp. R. Civ. R, Rule 102A.

 These factors include: “ (1) whether the offending party has acted promptly after entry of judgment to assert his claim for relief therefrom; (2) whether there is a showing either by way of affidavit, or otherwise apparent on the record, that the claim sought to be revived has merit; (3) whether the neglectful conduct occurs before trial, as opposed to during, or after trial; (4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other party; and (6) whether the error is chargeable to the party’s legal representative, rather than to the party himself. ...” Berube, supra at 430-431.

 We note that the motion to vacate the default judgment in this case was not supported by an affidavit outlining essential elements of a meritorious defense.