EDWARD CORREIA & others[1] *vs.* DEBORAH DeSIMONE & another.[2]

No. 91-P-799.

Middlesex. January 19, 1993. - June 18, 1993.

Present: ARMSTRONG. JACOBS, & GREENBERG, JJ.

*Contract*, Settlement agreement, Specific performance. *Frauds, Statute of. Estoppel. Judge.*

In an action in which the plaintiffs sought specific performance by the defendants (claimants in several underlying tort actions) of an oral settlement agreement, which the parties, through their counsel, had reported to the judge, summary judgment was properly entered for the plaintiffs, where the fact that the agreement left it to the defendants to choose between two defined settlement options did not make the agreement insufficiently definite to be enforceable, and where, in the circumstances of this case, the doctrine of judicial estoppel had sufficient vitality to prevent the Statute of Frauds from barring enforcement of the agreement. [602-605]

CIVIL ACTION commenced in the Superior Court Department on January 13, 1989.

The case was heard by *Peter M. Lauriat*, J., on motions for summary judgment.

*J. Douglas McDougal* for the defendants.

*Robert P. Powers* (*Joseph P. Musacchio* with him) for the plaintiffs.

JACOBS, J. The plaintiffs seek specific enforcement by the defendants of a settlement agreement. A Superior Court judge, addressing cross motions for summary judgment, allowed that of the plaintiffs. We affirm the resulting judgment.

---

[1]Christie Transfer, Inc., and South Shore Leasing Co.

[2]Michele DeSimone.

The parties to this action were some of the litigants in several underlying consolidated court actions that arose from collisions involving three motor vehicles.[3] On May 18, 1988, the consolidated cases were called to trial in Middlesex County and a jury empanelled. The next day, at the suggestion of the judge, several of the litigants engaged in settlement discussions while the jury, who had received neither evidence nor opening statements, were kept waiting. In the course of that day, the defendants, who were tort claimants in the underlying action, voiced their unqualified acceptance of an oral offer of settlement made by the plaintiffs. The offer promised an immediate cash payment and a choice between two structured payment schedules.[4] After the jury had been permitted to leave the courthouse under an order to return the next day, the parties, through counsel, reported to the court that their case was settled. The other consolidated cases were also settled on that day.

On the following day, May 20, 1988, the judge informed the clerk that the case was settled and ordered him to "get ready to draw up all the necessary papers." Shortly thereafter, the defendants reported to the judge that they had changed their minds and were now unwilling to settle on the offered terms. The judge held a recorded lobby conference during which he confirmed that the parties had reported their settlement to the court on the previous day and that all of the other consolidated cases also had been settled, one specifically as a result of the parties' settlement. After unsuccessfully attempting to convince the parties to reconcile their differences, the judge declared a mistrial and discharged the jury.

While implicitly recognizing the specific enforceability of agreements to settle litigation, the defendants argue that the offer they accepted lacked sufficient definiteness to be en-

---

[3]Included were cases which had been entered in Barnstable, Middlesex, and Plymouth counties.

[4]Under one proposal the defendants would receive $10,000 on July 1, 1993, $20,000 on July 1, 1998, and $39,504 on July 1, 2003. Under the alternative proposal, they would receive $20,000 on July 1, 1998, $30,000 on July 1, 2003, and $57,600 on July 1, 2008.

forceable. This argument fails to distinguish between executory provisions and imprecise terms. See *Peters* v. *Wallach*, 366 Mass. 622, 628 (1975) (an executory agreement to settle a preexisting claim is enforceable as a contract). That the agreement leaves it to the defendants to choose between two defined settlement options does not make it indefinite as to an essential term. By reporting to the court that the case was settled, the defendants signalled that they had gone beyond deciding whether to give up the right to trial in exchange for the plaintiffs' offer; all that remained was for them to choose which schedule of future payments better suited them. There was nothing indefinite about the plaintiffs' offer and the defendants, in effect, agreed that they would choose one or the other of the future payment schedules within a reasonable time. This is not a case in which an essential term has been left to the later agreement of the parties, see *Air Technology Corp.* v. *General Elec. Co.*, 347 Mass. 613, 626 (1964), but rather one in which one party has obligated itself to honor the future selection by the other party of a previously agreed upon and precisely defined option. Nor is this a case in which the party repudiating the settlement claims that it was deceived by the other side as to a material fact supporting the agreement.

The defendants further argue that the Statute of Frauds prevents enforcement since neither of the structured settlement proposals could be performed within one year.[5] The plaintiffs respond that the defendants are judicially estopped from denying the settlement. Judicial estoppel is the doctrine under which "a party is bound by his judicial declarations and may not contradict them in a subsequent proceeding involving [the] same issues and parties." Black's Law Dictionary 761 (5th ed. 1979). While there is some question whether this case constitutes a subsequent proceeding in the

---

[5]In pertinent part, G. L. c. 259, § 1, provides:

"No action shall be brought: . . . [u]pon an agreement that is not to be performed within one year from the making thereof; [u]nless the . . . agreement . . . is in writing and signed by the party to be charged therewith. . . ."

sense contemplated by the quoted definition and, indeed, whether judicial estoppel generally has been recognized in Massachusetts,[6] the doctrine has sufficient vitality, in the circumstances of this case, to prevent the Statute of Frauds from barring enforcement.

"The primary concern of the doctrine of judicial estoppel is to protect the integrity of the judicial process." *United States* v. *Levasseur*, 846 F.2d 786, 792 (1st Cir. 1988). That concern would be ill served if those intimately involved in that process, litigants, attorneys, and judges, could not rely on declarations of settlement made to the court. The force of oral agreements "made in open court and acted on by the court," even in the face of statutory requirements of formality has long been recognized. *Savage* v. *Blanchard*, 148 Mass. 348, 349 (1889). See *Dominick* v. *Dominick*, 18 Mass. App. Ct. 85, 88, 89 n.2 (1984); *Hubbard* v. *Peairs*, 24 Mass. App. Ct. 372, 378-379 (1987). It defies logic and fundamental principles of fairness to allow a represented party who has sought justice in a forum to contradict and undermine an agreement it reached and acknowledged in that same forum, especially when the judge and other litigants appear to have relied on that acknowledgement. Compare G. L. c. 106, § 2-201(3)(*b*), permitting an "in court" admission that a contract for sale was made to override a statutory requirement that such contracts be in writing in order to be enforceable.

There is a strong judicial interest in the prompt reporting of settlements which militates against permitting the Statute of Frauds to be raised as a defense to the enforcement of a settlement agreement. The settlement process and the related

---

[6]Compare *Patriot Cinemas, Inc.* v. *General Cinema Corp.*, 834 F.2d 208, 215 (1st Cir. 1987) ("[I]t remains an open question whether the Massachusetts courts would employ judicial estoppel"), and *Brown* v. *Gerstein*, 17 Mass. App. Ct. 558, 568 n.19 (1984) ("[T]he doctrine of judicial estoppel . . . has not yet been expressly recognized or defined by the courts of this Commonwealth"), with *Gordon* v. *Lewitsky*, 333 Mass. 379, 381 (1955) ("A party who has successfully maintained a certain position at a trial cannot in a subsequent trial between the same parties be permitted to assume a position relative to the same subject that is directly contrary to that taken at the first trial"). See also *Brown* v. *Quinn*, 406 Mass. 641, 646 (1990); *Larson* v. *Larson*, 30 Mass. App. Ct. 418, 427-428 (1991).

scheduling of trials would be immensely hampered if parties were to withhold reporting their settlement agreements to the court until such time as a writing sufficient to satisfy the Statute of Frauds were produced and signed.

*Judgment affirmed.*