Doerfer, J.
This action arises out of the contractual relationship between the plaintiff and the defendant with respect to a shopping center in Lakeland, Florida. The plaintiff, Alvin B. Allen (“Allen”), alleged that the defendant, The TJX Companies, Inc. (“TJX”), owed Allen rent and was responsible for gasoline contamination at the shopping center. TJX counterclaimed that Allen had knowingly charged TJX inflated rent; was contractually bound to share with TJX half the profits of his sale of the shopping center to Wal-Mart Stores, Inc. in 1993; and had violated G.L.c. 93A.
On February 17, 1995, the parties reported to the court that the action was settled. The material terms of the settlement agreement included: a mutual release of claims, a $180,000 cash payment by TJX to Allen, TJX’s administration of any remediation of the gasoline contamination, and a 50-50 split of any nonreimbursed remediation expenses. The court then issued an order of dismissal nisi.
Allen has now moved to set aside the nisi order and to restore the case to the trial list. Allen contends that, in negotiating the settlement agreement, both parties relied on the permanence of the Florida reimbursement program (“the Program”). Allen asserts that the settlement agreement must now be set aside because, due to legislative changes, the Program is now in jeopardy. For the reasons which follow, the plaintiffs motion is denied.
DISCUSSION
In Massachusetts, a party seeking relief from a contract based on frustration of purpose must show each of the following elements: (1) a supervening event neither anticipated nor caused by either of the contracting parties; (2) that the risk of this supervening event is not allocated by contract; and (3) that the supervening event destroys the purpose of the contract. Chase Precast Corp. v. John J. Paonessa Co., Inc., 409 Mass. 371, 374 (1991). From the record, it is clear that, during settlement negotiations, Allen was aware that Florida might modify or repeal its reimbursement program. By letter dated November 4, 1994, Allen’s counsel wrote to TJX “we note that the risk of reimbursement includes not only specific costs which Florida might disallow, but also the risk that the Florida legislature may modify or repeal the statute entitling Allen to reimbursement.” (Ex. A to Aff. of Thomas P. Smith, p. 3.) Accordingly, Allen’s contention that the repeal of the Program was not anticipated by the parties during their settlement negotiations is without support in the record.
The court also notes that the integrity of the judicial process “would be ill served if those intimately involved in that process, litigants, attorneys, and judges, could not rely on declarations of settlement made to the court” Correia v. DeSimone, 34 Mass.App.Ct. 601, 604 (1993). “It defies logic and fundamental principles of fairness to allow a represented party who has sought justice in a forum to contradict and undermine an agreement it reached and acknowledged in that same forum, especially when the judge and other litigants appear to have relied on the acknowledgement.” Id. at 604. The court concludes that the parties reached a final, binding settlement agreement and that Allen has not presented any valid defenses to the enforcement of this settlement agreement. Accordingly, the plaintiffs motion to set aside the nisi order is denied.
ORDER
For the foregoing reasons, the plaintiffs Emergency Motion to Set Aside Nisi Order and to Restore Case to Trial List is DENIED.