Gershengorn, J.
Plaintiffs initially brought this action against defendants alleging claims of breach of contract and various torts. Plaintiffs later attempted to amend their complaint to add sex discrimination claims under G.L.c. 151B.[1] Defendants removed plaintiffs’ various cases to federal district court, and that court remanded the cases to the Superior Court. United States District Court Judge Patti B. Saris (Judge Saris) ordered that, upon remand, plaintiffs were bound under the doctrine of judicial estoppel from asserting claims exceeding the $50,000 jurisdictional amount.
Defendants now move for an order estopping plaintiffs from seeking in excess of $50,000 per plaintiff in total damages on all of their state law claims. Plaintiffs contend that judicial estoppel should not apply in this case and that they should be allowed to bring claims under c. 15 IB for damages in excess of $50,000. Plaintiffs argue that since they did not successfully assert that their c. 151B claims were worth less than $50,000, they should not be estopped from claiming total damages greater than $50,000.
BACKGROUND
In the spring of 1993, plaintiffs Tinkham, Langley and Tahan filed charges against defendants for sex discrimination under c. 151B with the Massachusetts Commission Against Discrimination (MCAD).[2] On or about January 24, 1994, all of the current plaintiffs joined in filing a complaint sounding in tort and breach of contract against the defendants in Superior Court. Sometime in April 1994, plaintiffs served the complaint on defendants. Defendants then removed the case to the United States District Court.
On or about September 6, 1994, following a scheduling conference, Judge Saris ordered that amendments to pleadings, if any, were to be filed by September 16, 1994.[3] On or about September 15, 1994, plaintiff moved to amend their complaint to add a claim of sex discrimination under c. 15 IB. Plaintiffs also moved to remand the case to state court claiming that the amount in controversy for each plaintiffs claim did not exceed the required $50,000 federal court jurisdictional amount. Plaintiffs also requested that their motion to amend the complaint be stayed until Judge Saris decided the motion to remand.
On or about November 2, 1994, Judge Saris allowed plaintiffs’ motion to remand ruling that under the doctrine of judicial estoppel, the plaintiffs were bound not to seek more than $50,000 per plaintiff in state court with respect to all claims arising under state law.
On or about November 14, 1994, defendants moved for a clarification of Judge Saris’ November 2, 1994 order on plaintiffs’ motion to remand. By order dated December 5, 1994, Judge Saris responded:
I meant what I said when I referred to ‘all claims arising under state law.’ This refers to pending as well as non-pending state claims. To the extent that a state judge-does not follow this doctrine of judicial estoppel and an amendment raises the ad damnum over $50,000, this case may be removed again.
Sometime thereafter, MCAD dismissed plaintiffs Tinkham, Langley, and Tahan’s c. 15 IB claims. These plaintiffs filed an appeal of the dismissal. On or about February 3, 1995, Tinkham, Langley, andTahanwith-drew their charges from MCAD. Also on February 3, 1995, plaintiffs served defendant with a motion to amend their Superior Court complaint to include c. 15 IB claims. Plaintiffs’ motion to amend, along with defendants’ opposition was filed on February 23, 1995. On or about March 8, 1995, Tinkham, Langley, and Tahan filed independent actions on their c. 15 IB claims in Superior Court.
On or about March 16, 1995, defendants removed plaintiffs Tinkham, Langley, and Tahan’s independent c. 151B cases because each complaint alleged damages in excess of $50,000. Sometime thereafter defendants filed motions in each of the federal cases seeking dismissal and/or an order prohibiting plaintiffs from seeking damages in excess of $50,000 per plaintiff on all of their state law claims.
On or about May 3, 1995, Superior Court Judge James F. McHugh denied plaintiffs’ motion to amend their complaint without prejudice to renewal in the event that the discrimination claims pending in the federal court were dismissed without a determination on the merits.
On or about July 28, 1995, Judge Saris issued an order remanding plaintiffs Langley, Tinkham, and Tahan’s c. 151B cases to state court. Judge Saris added that her previous order of December 5, 1994 *669 limiting plaintiffs from asserting claims in excess of $50,000 applied to all pending and nonpending claims under state law, regardless of whether they were asserted by amendment or by new court action. Judge Saris ruled that plaintiffs’ claims were for less than the requisite jurisdictional amount and remanded the actions without prejudice to pressing them in state court either through separate action or amendment, as long as the ad damnum does not exceed $50,000 per plaintiff.
On or about July 31, 1995, plaintiffs Langley, Tinkham, andTahan’s c. 151B actions were remanded to the Middlesex Superior Court for all further proceedings.
DISCUSSION
Judicial estoppel “precludes a party from asserting a position in one legal proceeding which is contrary to a position it has already asserted in another.” Patriot Cinemas, Inc. v. General Cinema Corp., 834 F.2d 208, 212 (1st Cir. 1987) (judicial estoppel is designed to curtail a litigant from “playing fast and loose with the courts”); Fay v. Federal National Mortgage Assoc., 419 Mass. 782, 788 n.10 (1995) (judicial estoppel “applies when a litigant has asserted inconsistent positions on the same legal point in separate proceedings or in successive stages of the same litigation”). The primary function of judicial estoppel is to protect the integrity of the courts. Correia v. DeSimone, 34 Mass.App.Ct. 601, 604 (1993): Patriot Cinemas, Inc., supra at 214. Although the specific requirements of judicial estoppel have never been defined in Massachusetts courts, the doctrine should be applied at least where a party has successfully asserted his or her inconsistent position in a previous proceeding, and neither privity nor reliance are essential requirements. Fay, supra at 788.
“It defies logic and fundamental principles of fairness to allow a represented party who has sought justice in a forum to contradict and undermine an agreement it reached and acknowledged in that same forum, especially when the judge and other litigants appear to have relied on that acknowledgement.” Correia, supra at604. “In order to be subject to judicial estoppel, a party, having obtained a litigation benefit, must have attempted to invoke the authority of one tribunal to override a bargain made with another.” Wang Laboratories v. Applied Computer Sciences, Inc., 958 F.2d 355, 358 (Fed. Cir. 1992), citing United States v. Levasseur, 846 F.2d 786, 793 (1st Cir. 1988).
In the instant case, the plaintiffs represented that their state law claims were worth less than $50,000. Based on this representation, Judge Saris ruled on the motion for remand that plaintiffs were bound not to seek more than $50,000 in state court on all claims arising under state law. After defendants’ motion for clarification and Judge Saris’ confirmation of the meaning of her order, plaintiffs did not appeal the decision nor seek reconsideration. Plaintiffs had, in effect, made a bargain with the federal court not to seek greater that $50,000 per plaintiff in state court on their state law claims. Since the plaintiffs obtained the benefit of the bargain to remand, they should not be permitted to use the state court to escape the burden of their bargain. “To allow a litigant to summon the authority of one court to subvert a pact made with another court would undermine the ‘integrity and efficacy’ of the judicial system.” Levasseur, supra at 793, citing Patriot Cinemas, Inc., supra at 214.
Here, plaintiffs are attempting to use the state court to override and flout the bargain they made in the federal court. Plaintiffs’ request for remand to state court can be construed as a successful assertion that their claims were worth less than $50,000. At the very least, plaintiffs acts of omission or commission caused Judge Saris to understand that their state law claims would not exceed $50,000 per plaintiff.
Plaintiffs had ample opportunity to inform Judge Saris that their c. 15IB claims would take their damages amounts above $50,000. If they had taken such action, Judge Saris could have fully considered this fact in ruling on the motion for remand. More than likely, the case would have then remained in the federal court. Instead, plaintiffs requested that the judge stay ruling on the motion to amend the complaint to add the c. 15 IB claims, and instead rule on the motion for remand first. Plaintiffs should have known at that point that they were intending to claim more than $50,000 in total damages per plaintiff.[4]
Plaintiffs wanted to be in state court. They successfully obtained this litigation benefit. In order to get to state court, however, plaintiffs had to convince a federal judge that their claims were worth less than $50,000 in damages. When plaintiffs failed to clarify the full extent of the amount of damages they were seeking under c. 151B, Judge Saris ordered that a $50,000 per plaintiff limit would apply to all pending and non-pending state law claims. Thus, both Judge Saris and the defendants relied on plaintiffs’ failure to oppose the judge’s earlier ruling estopping the amount of plaintiffs’ damages.[5] The judge was misled when plaintiffs failed to inform her of the full extent of the damages they intended to claim. Thus, I find that plaintiffs were and still are “playing fast and loose" with the jurisdiction of the courts.
Since the plaintiffs have obtained the benefit they sought in the form of remand of their cases to the state court, albeit under a guise of having claims worth less than $50,000 per plaintiff, it would be unfair to permit plaintiffs to use the state court jurisdictional power to escape from the burden of their bargain with the federal court. The preservation of the integrity and efficacy of the judicial system warrants no less.
ORDER
For the foregoing reasons defendants’ motion to estop plaintiffs from seeking more than $50,000 in total damages per plaintiff on all of their state law *670 claims is ALLOWED. Plaintiffs may move to amend their complaint to add claims under G.L.c. 15IB as long as the addition of damages under this count does not take the total amount of damages claimed for each plaintiff above $50,000.-

Three of the plaintiffs, Tracy Tinkham (Tinkham), Paul Langley (Langley), and Stephen Tahan (Tahan), also filed independent actions under c. 151B.

Plaintiffs Richard Garland and Robert Short never filed charges with MCAD.

Defendants’ counsel contend that at the August 11,1994 scheduling conference, they expressed to Judge Saris their concern that the efficient adjudication of the case would be frustrated because although plaintiffs were ostensibly pursuing sex discrimination claims at MCAD, they would nonetheless at some point seek to amend their complaint to add a sex discrimination claim under c. 15 IB.

Plaintiffs’ argument that they had to exhaust their administrative remedies in MCAD before filing claims under c. 151B is without merit. See Harrison v. Boston Financial Data Services, Inc., 37 Mass.App.Ct. 133, 135 n.7 (1994) (prior to filing suit, plaintiff not required to exhaust administrative remedies under state employment discrimination statute nor under federal statutes governing age discrimination in employment and race discrimination in contracts).

In fact, plaintiffs did not appeal any of Judge Saris’ orders limiting their claims to $50,000 per plaintiff.