DISSENTING OPINION
Giles, J.,
dissenting:
For the reasons that follow, I believe that the trial judge’s allowance of the instant plaintiff/appellee’s attempt to amend her complaint at trial was improper. Therefore, I respectfully dissent.
The only section of District/Municipal Courts Rule Civil Procedure 15 applicable to such an amendment of the pleadings as occurred here is Section (b) (“Amendments to Conform to the Evidence”). Dist./Mun. Cts. R. Civ. R, Rule 15(b). To be sure, said Rule 15(b) clearly says that leave to amend shall be “freely” granted, id.; and it is well settled that motions to amend pleadings should be looked upon favorably, Castellucci v. United States Fidelity and Guaranty Company, 372 Mass. 288, 289 (1977); DiVenuti v. Reardon, 37 Mass. App. Ct. 73, 78 (1994). I also recognize that consent to litigate an issue may be implied if evidence is received without objection and the non-objecting party can fairly be thought to have been appraised that the evidence went to the unpleaded issues. Wolfe v. Ford Motor Co., 6 Mass. App. Ct. 346, 355 (1978).
Nevertheless, the invocation of Rule 15(b) requires the trial court to find that the objecting party expressly or implicitly consented to having the unpleaded issue tried. Dist./Mun. Cts. R. Civ. R, Rule 15(b). In the case at bar, the attorney for the defendants/appellants expressly objected to the resurrection of the plaintiff’s first or second complaint. Appendix 228,222. With regard to a tacit finding by the trial judge of implicit consent by the defendants, in my opinion there was no adequate basis for such a finding. Although the plaintiff’s counsel referred in his opening statement to an alleged assault and battery against his client, defense counsel stated both at the beginning and at the end of his opening statement that the plain *107 tiff had amended her complaint so as to leave only negligence claims. Appendix 77, 82-83. In response to these early statements, the plaintiff’s attorney said nothing; he failed or refused to disabuse either defense counsel or the court of defense counsel’s said belief.
■ Furthermore, plaintiff’s counsel’s allegations in his opening statement of assault and battery were relevant to the defendants’ counterclaims for abuse of process, malicious prosecution, and slander. “If... the evidence is also relevant to an issue already in the case, and there is no indication that the party introducing it was seeking to raise a new issue, consent will not be implied, since the opposing party may not have been aware of the evidence’s different thrust.” MASSACHUSETTS PRACTICE, RULES PRACTICE, SMITH AND ZOBEL, sec. 15.7 (“Amendments to Conform to Evidence-Amendment by Motion or Implied Consent”). See Harrington-McGill v. Old Mother Hubbard Dog Food Co., Inc., 22 Mass. App. Ct. 966, 968 (1986). It is entirely reasonable to infer from this record that the defendants’ attorney believed that the plaintiff’s attorney’s references to assault and battery went to the counterclaims' and not to the complaint.
A judge properly may deny a motion to amend if there appears some good reason for such action. Castellucci v. United States Fidelity and Guaranty Company, supra. Goulet v. Whitin Machine Works, Inc., 399 Mass. 547, 549 (1987). Such reasons include “undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.” Castellucci v. United States Fidelity and Guaranty Company, supra at 290, quoting Foman v. Davis, 371 U.S. 178, 182 (1962). I find at least three of those enumerated factors to be extant in the instant action: (1) bad faith, (2) repeated failure to cure deficiencies by amendments previously allowed, and (3) undue prejudice to the opposing party.
Where a party has asserted successfully an inconsistent position in a previous proceeding involving the same parties, Massachusetts courts have applied the doctrine of “judicial estoppel,” or estoppel by pleading.[3] Fay v. Federal National Mortgage Association, 419 Mass. 782, 788 (1995). The primary concern of this doctrine is to protect the integrity of the judicial process. Correia v. DeSimone, 34 Mass. App. Ct. 601, 604 (1993). The plaintiff’s assertion of negligence as her sole cause of action had been so clear and unequivocal before trial that, at best, she should have been estopped from asserting the intentional tort of assault and battery at trial; at worst, she was playing “fast and loose” with the court, see Fay v. Federal National Mortgage Association, supra, and, therefore, should not prevail under principles of fundamental fairness, see Correia v. DeSimone, supra.
In her assented-to motion to amend her first amended complaint, the plaintiff asserted that “[a]fter further investigation, and the receipt of information from the defendants, the plaintiff’s counsel has a good faith basis to characterize the facts underlying this claim as negligent conduct rather than intentional conduct” (emphasis added). Appendix 17. Her second (and last) amended complaint removed all references to assault and battery and any other intentional act or cause of action and clearly labelled each new count as “Negligence”; there were six references in this final complaint to the “negligence” or “negligent acts” of the defendants without a single mention of an intentional tort. Appendix 19-21. The plaintiff’s reliance upon a theory of negligence against the defendants up to the time of trial could not have been clearer.
*108 Moreover, the parties entered into an Agreed Statement of Facts, in which the plaintiff and her attorney agreed that the plaintiffs injury was caused by her falling backward onto the floor and striking a table; not a word was said about an assault and battery upon the plaintiff. Factual allegations in pleadings bind the party making them, G.L.c. 231, sec. 87, and may constitute judicial admissions, Wood v. Roy Lapidus, Inc., 10 Mass. App. Ct. 761, 765 (1980). A finding by the court contrary to such an admitted fact must be disregarded. De Nunzio v. City Manager of Cambridge, 341 Mass. 420, 421 (1960).
After the plaintiff claimed negligence so clearly and directly before trial, it is not surprising that, during opening statements, both the trial judge and defense counsel expressed their belief that the plaintiffs complaint sounded in negligence. Appendix 81-83. The ambivalent, ambiguous positions of plaintiffs counsel caused the learned trial judge no little amount of confusion throughout the trial. Appendix 81-83,211-219.
It is significant that the plaintiff came to court armed with requests for rulings based only upon negligence, Appendix 41-42, 216, and clearly asserted the claims of both negligence and assault and battery only after the defendants pressed their counterclaims for abuse of process, malicious prosecution, and slander. Appendix 79-81.1 surmise that, in the face of those counterclaims, the plaintiff became dodgy in order to prosecute her negligence claims and defend the intentional tort counterclaims in the same breath.
At the end of the opening statements, when defense counsel argued to the trial judge that the plaintiffs complaint sounded in negligence, the plaintiffs attorney remained conspicuously silent. “It defies logic and fundamental principles of fairness to allow a represented party who has sought justice in a forum to contradict and undermine an agreement it reached and acknowledged in the same forum, especially when the judge and other litigants appear to have relied on that acknowledgement. Correia v. DeSimone, supra. Under the circumstances of this case, it would be fundamentally unfair to allow the plaintiff to play so loosely, particularly at the eleventh hour.
The plaintiff also should have been denied this relief because of her repeated prior failures to cure any alleged deficiencies by amendments previously allowed. The instant action was commenced on August 14,1992. Appendix 6. Over the next five months, the plaintiff presented three versions of her complaint, the last of which was sanitized on January 27,1993, to remove all mention of intentional conduct. Appendix 19-21. The trial took place on May 31,1995. Therefore, the plaintiff maintained assault and battery claims for a mere five months and then asserted solely claims of negligence for over sixteen months, up to the day of trial. Two motions to amend her complaint and sixteen months thereafter were more than sufficient opportunities for the plaintiff to awaken to any shortcomings in her pleadings.
Finally, allowing the plaintiff to amend her complaint in this manner caused the defendants undue prejudice. A Rule 15(b) motion to amend the pleadings to conform to the evidence should not be allowed if the opponent satisfies the court that the admission of such evidence would prejudice him/her/it in maintaining his/her/its action or defense upon the merits. Dist./Mun. Cts. R Civ. R, Rule 15(b). “It is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment.” Goulet v. Whitin Machine Works Inc., supra at 550, quoting Cornell & Co. v. Occupational Safety & Health Review Commission, 573 F.2d 820, 823 (3d Cir. 1978). “A liberal amendment policy does not justify overriding the rights of a person who would be prejudiced by the last minute allowance of a motion to amend.” Castellucci v. United States Fidelity and Guaranty Co., supra at 292.
I see at least two bases of undue prejudice to the defendants in the trial court’s ruling to allow the plaintiff to revive her intentional tort causes of action. First, the court’s action had a direct impact upon the main theory of the defense: “that inten *109 tional conduct cannot be negligent conduct and that negligent conduct cannot be intentional conduct.” Waters v. Blackshear, 412 Mass. 589, 590 (1992). Flood v. Southland, 33 Mass. App. Ct. 287, 295-296 (1992). Sabatinelli v. Butler, 363 Mass. 565, 567 (1973). The defendants’ attorney acquiesced in and sought not to attack the plaintiffs ¿legations concerning assault and battery, Appendix 141-144, believing in good faith that the plaintiffs own testimony would provide his clients with a complete defense to her negligence complaint. By permitting the plaintiff to press both her negligence and assault and battery claims, the trial judge undermined the defense’s chief trial strategy. Second, in pursuing the defendants’ intentional-conduct-is-not-negligence-is-not-intentional-conduct defense, their attorney deliberately established on cross examination the identity of defendant Phil Liu as her alleged assailant, Appendix 118, something the plaintiff’s own counsel was unable to do or uninterested in doing during the plaintiff’s direct examination.
For all these reasons, I dissent.

The imposition of the doctrine of judicial estoppel does not conflict with Dist./ Mun. Cts. R. Civ. R, Rule 8(e) (2), which provides for inconsistent claims or defenses made within a single proceeding; judicial estoppel applies to the assertion of inconsistent positions by a litigant in separate proceedings or in successive stages of the same litigation. Fay v. Federal National Mortgage Association, supra at 788-789 n. 10.