van Gestel, J.
This matter is before the Court on a motion by the plaintiff, Mechanical Construction Management, Inc. (“MCM”), to enforce a settlement reached in this case. The action is brought by MCM, a second-tier subcontractor on a troubled construction project, against a subcontractor, Dowd Plumbing Corp. (“Dowd”), and its surety, with respect to unpaid sums claimed to be due.
In July of 2004, with the assistance of a private mediator, MCM and Dowd reached a settlement of all claims between them that are included within this case. A “Mutual Release of All Claims and Settlement Agreement" (the “Settlement Agreement”) was prepared by the mediator and executed by Dowd on July 22, 2004, and by MCM on July 23, 2004. A copy of the Settlement Agreement is attached to MCM’s motion.
Among other things, the Settlement Agreement called for payments by Dowd to MCM of slightly over $95,178. Since that time, Dowd has made payments such that the amount presently still owing is $23,190.
Dowd, who apparently is still owed, or claims to be owed, monies from the general contractor has declined to make payment of the balance due to MCM. Dowd relies upon two aspects of the Settlement Agreement.
First, there is a section stating when payments are to be made, calling for those payments in the following increments: “(1) $27,000 which has already been paid and (2) $68,483 to be paid as soon as possible and certainly no later than three days from [Dowd’s] receipt of payment concerning its work at the Academy Homes II project. . .” Dowd looks at this phrase as being in effect a pay-when-paid clause. It is not. All that this does is indicate an outer limit beyond which the “as soon as possible” payments must be made. A payment condition like that asserted by Dowd “may not be inferred.” Framingham Heavy Equipment Conpany, Inc. v. John T. Callhan & Sons, Inc., 61 Mass.App.Ct. 171,175-76 (2004). See also A. J. Wolfe Co. v. Baltimore Contractors, Inc., 355 Mass. 361, 365-66 (1969). Indeed, Dowd’s own actions in paying the amount due down to just $23,190 belies its present interpretation.
Second, Dowd points to the final paragraph of the Settlement Agreement, which reads as follows:
We, the undersigned Releasing Parties, shall concurrently dismiss, with prejudice and without costs all claims by and among any of the Releasing Parties as to matters within this release including the Complaint and Counterclaim (and all amendments to both) in the matter of Mechanical Construction Management, Inc. v. Travelers Casualty and Surety Company of America et al., filed in the Suffolk Superior Court, Civil Action No. 03-4207-BLS. All rights of appeal in such matters are waived by the Releasing Parties as set forth in this Mutual Release of All Claims and Settlement Agreement.
Dowd and MCM have yet to file an appropriate stipulation of dismissal in this case.[1] Dowd points to this unfiled stipulation of dismissal as a material breach relieving it of the obligation to make any further payments to MCM. The Court sees it quite differently. It is merely a ministerial oversight.
All of the foregoing was first brought to this Court’s attention at the Final Pre-Trial Conference on this matter held on February 18, 2005. In the Final PreTrial Memorandum presented to the Court, all parties acknowledged the settlement and the execution of the Settlement Agreement by MCM and Dowd. Indeed, Dowd cites to the settlement as an “unusual legal issue” in the Pre-Trial Memorandum.
Dowd argues in the Pre-Trial Memorandum that, because of the settlement, “the within case should be dismissed in accordance with said Settlement Agreement” and “MCM would thereafter have a separate cause of action for any alleged breach of contract.”
It has been said that “(i]t defies logic and fundamental principles of fairness to allow a represented party who has sought justice in a forum to contradict and *26 undermine an agreement it reached and acknowledged before the same forum, especially when the judge and other litigants appear to have relied on that acknowledgment.” Correia v. DeSimone, 34 Mass.App.Ct. 601, 604 (1993). Although not acknowledged before the Court in this case until at the Final Pre-Trial Conference, a similar defiance of logic and fundamental principles of fairness applies to Dowd’s current position. Protection of the integrity of the judicial process “would be ill served if those intimately involved in that process, litigants, attorneys, and judges, could not rely on declarations of settlement made to the court.” Id.
This Court will not preside over the procedural minuet proposed by Dowd in this case. It will not dismiss this case, cause MCM to file a new case for breach of the Settlement Agreement and then award judgment to MCM in the amount of $23,190 for that breach. The judicial system must not be put to this burden.

ORDER

For the foregoing reasons, the Motion to Enforce Settlement Agreement, Paper #12, is ALLOWED to the extent that judgment shall enter in favor of Mechanical Construction Management, Inc. against Dowd Plumbing Corp. in the amount of $23,190 and the complaint and any counterclaim shall otherwise be dismissed, with prejudice, without other sanctions and with each parly to bear its own costs.

At oral argument, Dowd conceded that it never proffered to MCM a stipulation of dismissal, nor did it otherwise seek such a stipulation from MCM.