Greco, J.
This is a Dist./Mun. Cts. R A. D. A., Rule 8C, appeal by plaintiff Leonel Rocha (“Rocha”) of the allowance of summary judgment in favor of defendant Hanover Insurance Company (“Hanover”). Rocha’s complaint sought damages for Hanover’s alleged breach of contract and G.L.c. 176D, §3 unfair claim settlement practices in violation of G.L.C. 93A.
The origin of the parties’ dispute was a motor vehicle accident in November, 1996 which involved Rocha and Hanover’s insured, Carol Connors (“Connors”). After Rocha commenced a tort action, the parties agreed to submit the matter to arbitration. Rocha claims in this action that Hanover’s claims adjuster offered him $20,000.00 in settlement before the arbitrator rendered a decision; that the parties agreed that the arbitrator would be instructed to refrain from making any decision until further notice; and that he, Rocha, accepted Hanover’s offer before any decision by the arbitrator. Rocha further claims that Hanover’s adjuster refused to honor the settlement offer and instead, without Rocha’s consent, asked the arbitrator to render a decision. The arbitrator proceeded and ultimately awarded only $12,000.00 to Rocha. Hanover sent Rocha a check, together with a release, for the difference between the $12,000.00 award and Rocha’s personal injury protection benefits. Rocha returned the check and release to Hanover.
After the above events, Connors sought confirmation of the arbitrator’s award in the Superior Court. See G.L.c. 251, §11. The Superior Court allowed that request on the purely procedural ground that Rocha had failed to make a timely application to vacate the award. The Superior Court specifically noted that the factual dispute surrounding any settlement of the case was not material to the issue before it. This action was commenced in the Peabody District Court after the Superior Court case was filed, but before the decision was reached.
No statement of reasons accompanied the allowance of Hanover’s summary judgment motion in this case. There was clearly a genuine issue of material fact concerning any settlement of the tort case. Rocha asserted that there was an open-ended offer by Hanover which he accepted and that there was, therefore, no reason for the arbitrator to proceed to make a decision. Conversely, Hanover claimed that the offer was extended for a limited period of time; that the parties understood that if the offer was not accepted in a timely manner, the arbitrator would be instructed to render his decision; and that was exactly what transpired. Given this obvious factual dispute, we proceed to consider whether a trial of this matter was rendered unnecessary on legal, rather than factual, grounds; and whether Rocha is entitled to appellate consideration of that issue.
1. As to the latter question, Hanover claims that Rocha cannot challenge the trial court’s summary judgment on appeal because he neglected to file requests *43 for rulings of law and thus failed to preserve that issue. However, as Justice Welsh, writing for the Appellate Division, Southern District, noted in Swanson v. Bankers Life, 1982 Mass. App. Div. 143:
The office performed by requests for rulings is the separation of issues of fact and law in those cases in which the judge acts as finder of fact.... The two-fold inquiry on appeals in summary judgment cases is as follows: (1) is there a genuine issue of material fact, and (2) if the record evinces no controverted issue of material fact, which party is entitled to judgment. For such appellate review, neither findings of fact nor conclusions of law by the trial judge are necessary.
Id. at 145-146. See also Marc G. Perlin & John M. Connors, Handbook of Civil Procedure in the Massachusetts District Court, §12.9 (2003) (“Where a proper motion is made (including a statement of the grounds), a separate request for ruling ... is unnecessary.”). In this case, Hanover filed a motion for summary judgment with a supporting legal memorandum. Rocha responded with a written opposition and a legal memorandum. Nothing more was required.
2. As noted above, there was a clear factual dispute as to the circumstances of the proposed settlement. The initial issue on this appeal is, therefore, whether that dispute concerned material facts. If it did, summary judgment would have' been inappropriate. Allstate Ins. Co. v. Bearce, 412 Mass. 442, 446 (1992). Hanover argues that any dispute about the settlement was immaterial because Rocha agreed to binding arbitration and an award was made pursuant to that arbitration. The complaint in this case, however, did not raise any claim as to the appropriate amount of damages arising out the motor vehicle accident. Rather, Rocha claimed that he and Hanover reached a settlement agreement while the arbitration was pending, that Hanover is obligated to abide by that agreement, that its failure to do so constituted an unfair claim settlement practice under G.L.c. 176D, §3(9), and that such unfair insurance practice constituted a violation of G.L.c. 93A.
A decision rendered by an arbitrator will have a preclusive effect in a subsequent action between the same parties only as to “a ‘right, question or fact distinctly put in issue and directly determined’” by the arbitrator. Miles v. Aetna Cas. & Sur. Co., 412 Mass. 424, 426-427 (1992), quoting Fidler v. E.M. Parker Co., 394 Mass. 534, 539 (1985). In this case, the arbitration related to the accident; that is, to the issues of liability and the amount of damages. To paraphrase Beals v. Commercial Union Ins. Co., 61 Mass. App. Ct. 189, 195 (2004), “[t]o accept [Hanover’s] argument would be to hold that [Rocha] ... could be forced to arbitrate a c. 93A claim arising out of a transaction subject to arbitration.” Such a result was rejected by the Appeals Court in Beals. As the complaint herein indicates, both the contract and G.L.c. 93A claims made by Rocha arose after the arbitration hearing had already been held and after the matter had been taken under advisement. Further, the fact that the arbitration award was affirmed in the Superior Court is not dispos-itive of Rocha’s present claims. The amount awarded by the arbitrator may well have been reasonable. The issue raised in Rocha’s District Court action is whether the parties had settled the matter for a larger amount which may also have been reasonable. Moreover, as noted above, the Superior Court never reached the merits of the award and based its decision solely on Rocha’s failure to have made a timely request to vacate the award.
Since the arbitrator’s decision has no preclusive effect and since the factual dispute surrounding the alleged settlement is material to both counts of the complaint, the remaining question is whether those counts state legally recognized causes of action. As to the contract claim, the Supreme Judicial Court has stated that “[a]lthough an unexecuted accord does not operate as an accord and satisfac *44 tion, discharging the original claim, it is nonetheless enforceable as a contract.... Such an agreement may be specifically enforced....” Peters v. Wallach, 366 Mass. 622, 628 (1975). A plaintiff can also recover money damages for the balance pursuant to a settlement. See J.P. O’Connell Co. v. Maryland Cas. Co., 302 Mass. 232, 233 (1939). The Statute of Frauds, G.L.c. 259, §1, would not bar enforcement of such an agreement. If there was such an agreement between the parties herein, it is reasonable to conclude that the money could have been paid within a year. In any event, Hanover never affirmatively pleaded the Statute of Frauds in its answer. See Whiting v. Commonwealth, 370 Mass. 664, 673 (1976). See also Correia v. DeSimone, 34 Mass. App. Ct. 601 (1993), a case involving a settlement reached after a trial had begun, in which the Appeals Court stated that “[t]here is a strong judicial interest in the prompt reporting of settlements which militates against permitting the Statute of Frauds to be raised as a defense to the enforcement of a settlement agreement.” Id. at 604.
Finally, Hanover maintains that, as a matter of law, it could not be found to have committed an unfair and deceptive act in violation of G.L.c. 93A given its compliance with the arbitration award. “Section 9 of G.L.c. 93A specifically provides that actions may be brought under that section by a consumer, or any entity other than a business entitled to sue under §11, against an insurer engaged in any of the practices proscribed by G.L.c. 176D, §3(9).” Sonogram of New England, Inc. v. Plymouth Rock Assurance Corp., 2003 Mass. App. Div. 82, 82-83. Rocha relies principally on subsection (f) of §3(9) which provides that it is an unfair claim settlement practice for an insurer to “[flail... to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear.” We cannot say that the facts alleged by Rocha, if proven, could not as a matter of law be found to fall within subsection (0. While in Correia the offer was actually made during court proceedings, the Appeals Court did note that “[i]t defies logic and fundamental principles of fairness to allow a represented party who has sought justice from a forum to contradict and undermine an agreement it reached and acknowledged in that same forum[.]” Correia v. DeSimone, supra at 604. Rocha alleges that he made a timely acceptance of Hanover’s offer; that Hanover, instead of honoring its offer and the parties’ resulting settlement agreement, told the arbitrator to proceed to make a decision; and that Hanover then attempted to use that decision as a justification for breaching the parties’ agreement. If those facts are proven to be true, Rocha will have been forced to bring a separate action simply to recover what Hanover had previously concluded was an appropriate amount of damages. Such a result could be found to be inconsistent with Hanover’s statutory obligation under G.L.c. 176D, §3(9) (f) to effect a “prompt, fair and equitable settlement.” See Hopkins v. Liberty Mut. Ins. Co., 434 Mass. 556, 567 (2001).
The trial court’s summary judgment for the defendant is vacated, and the allowance of Hanover’s Mass. R. Civ. R, Rule 56, motion is reversed.
So ordered.