Williams, P.J.
The plaintiff, Patricia Sullivan (“Sullivan”), has appealed the summary judgment entered in favor of the defendant, Commerce Insurance Company (“Commerce”), in an action in which Sullivan alleged that Commerce had mishandled her personal injury protection (“PIP”) claim. The Mass. R. Civ. R, Rule 56 motion was granted on the basis that Sullivan had previously released Commerce from all liability, including claimed violations of G.L.c. 93A, when the related tort action was settled. We find no error, and dismiss the appeal.
Sullivan was injured in a 2004 motor vehicle accident in Yarmouth. Commerce insured both the vehicle in which Sullivan was riding, operated by Ruth Duff (“Duff’), and the other vehicle involved in the collision, owned by Joanne Deay and driven by Shannon Deay (together, “Deay”). In 2006, Sullivan filed an action in the Barnstable Superior Court against Deay for bodily injuries resulting from alleged negligence, and against Commerce for violations of G.L.c. 93A. (We presume that the claim was one for alleged unfair claims settlement practices). Duff was later impleaded. In 2008, Sullivan filed this action in the Barnstable District Court against Commerce for unpaid PIP benefits of about $3,000.00, breach of contract, and violations of G.L.c. 93A and G.L.c. 176D (“bad faith claims”).
The parties in the Superior Court tort action chose to submit the case to binding arbitration, which hearing occurred in 2009, months after this action had been filed. The parties acknowledged in the arbitration agreement that the arbitration process and award were binding and conclusive as to all claims arising out of the 2004 accident “including, but not limited to, any claims against Commerce” for violations of G.L.c. 93A or G.L.c. 176D. Following an award in Sullivan’s favor, Commerce paid to her its limits on the two subject policies, totaling $150,000.00. Sullivan executed two releases. The first, for $100,000.00 as to Deay and Commerce, released those parties “of and from all debts, demands, actions, causes of action, suits, covenants, contracts, agreements, damages, and any and all claims, demands and liabilities whatsoever of every name and nature, both in law and in equity,... [I] now have or ever had from the beginning of the world to this date.” The second release, for $50,000.00 as to Duff and Commerce, contained identical general release language. Thus, while the arbitration agreement specifically referred to the c. 93A and c. 176D claims against Commerce, neither release did so. Commerce did not explicitly include in either release its potential bad faith liability on the PIP claim, and Sullivan did not *149 explicitiy exclude it.
On the trial date of this action regarding Sullivan’s bad faith allegations against Commerce as to the PIP claim, Commerce obtained summary judgment on the ground that Sullivan’s releases covered those allegations. It is from that judgment that Sullivan appeals.
The standard of review of a grant of summary judgment is well known and oft-cited. See, e.g., Burns v. McDonald’s Corp., 2010 Mass. App. Div. 205, 208. The question “is whether, viewing the evidence in the light most favorable to the nonmoving party [here, Sullivan], all material facts have been established and the moving party [here, Commerce] is entitled to a judgment as a matter of law.” City of Newburyport v. Woodman, 79 Mass. App. Ct. 84, 89 (2011), quoting Nelson v. Salem State College, 446 Mass. 525, 530 (2006). See also Consumer Prod. Distrib., Inc. v. Elseidy, 2010 Mass. App. Div. 269, 270.
Relying mostly on Galena v. Commerce Ins. Co., 2001 Mass. App. Div. 222, Sullivan argues that Commerce was not entitled to judgment as a matter of law because PIP claims are not encompassed by general releases, and, since they are not, neither should claims based on an insurer’s alleged mishandling of such claims, unless they are expressly mentioned in the release. Galena noted, in dictum, that because PIP claims were contractual in nature and governed by statute, they differed in kind from bodily injury tort claims. Thus, “an automobile accident victim’s general release of a tortfeasor, in the absence of a specific provision which unequivocally includes PIP claims within the terms of a release, does not operate to release an automobile insurer from its obligation to pay PIP benefits to the injured victim.” Id. at 224, quoting Cingoranelli v. St. Paul Fire & Marine Ins. Co., 658 P.2d 863, 869 (Colo. 1983).[1] A See also Brown v. Norfolk & Dedham Mut. Fire Ins. Co., 2011 Mass. App. Div. 35, 37. But in Galena, which concerned an assigned PIP benefits claim, the Northern District of the Appellate Division noted that “Commerce was not mentioned in the release, and Commerce certainly did not ‘contribute to or participate in the settlement’ between [the injured plaintiff], the [tortfeasor] and his insurer [Premier].” Id. at 225. In this case, Commerce was named in both releases, and of course did participate in the settlement between Sullivan and Deay, and that between Sullivan and Duff. Additionally, the arbitration agreement governing resolution of the Superior Court tort action specifically noted c. 93A and c. 176D claims against Commerce.
To the extent that the dictum of Galena to the effect that PIP claims, in the circumstances of that action, which differ from those here, are sui generis and not covered by a plaintiff’s release of a tortfeasor (and that tortfeasor’s insurance carrier) is pertinent here, it must yield to later Supreme Judicial Court decisions, such as Eck v. Godbout, 444 Mass. 724 (2005). The Court stated in Eck that “a release may be prompted by the settlement of a specific dispute or resolution of a specific issue, but broad wording in the release operates to settle all other, unrelated matters, even if *150 they were not specifically in the parties’ minds at the time the release was executed.”[2] Id. at 728. See also Shade v. Athena Equip. & Supply Co., 2010 Mass. App. Div. 68, 72, citing Pierce v. Parker, 4 Met. 80, 87 (1842) (general release may bar future claims to extent that parties intended, at time general release was made, that release do so).
Judgment for the defendant affirmed.
So ordered.

 Although the term “tortfeasor” is used in the quotation, the injured party in Galena (who assigned his PIP claim to his chiropractor, Galena), in settling his bodily injury claim, had released not only the tortfeasor, but also the insurance carrier. Galena, supra at 222.

 The specific inclusion of “any and all” c. 93A and c. 176D claims against Commerce in the arbitration agreement does not mean that this action against Commerce should have been barred as a matter of claim preclusion, which the parties did not argue. See Beals v. Commercial Union Ins. Co., 61 Mass. App. Ct. 189, 193 (2004), quoting Heacock v. Heacock, 402 Mass. 21, 23 (1988) (“[D]octrine of claim preclusion [which is applicable to arbitration proceedings] makes a valid, final judgment conclusive on the parties ... and bars further litigation of all matters that were or should have been adjudicated in the action” [emphasis added]). See also Rocha v. Hanover Ins. Co., 2005 Mass. App. Div. 42, 43. It does signify, though, some intention on the parties’ parts that all potential bad faith claims against Commerce would be embraced by the releases that were generated as a result of the arbitration process.