Hand, J.
In this case, appellants Sinisa Prostran and Amy Prostran (together, “Prostrans”) appeal the Plymouth District Court’s denial of their motion for summary judgment against appellee Old Republic Insurance Company (“Old Republic”). The sole basis for the Prostrans’ unsuccessful motion was their contention that Old Republic’s claims against them were governed by the two-year statute of limitations applicable under G.L.c. 244, §17A to certain actions related to mortgage foreclosures, rather than the six-year statute of limitations for contract actions, pursuant to G.L.c. 260, §2. For the reasons below, the trial court’s denial of the Prostrans’ motion for summary judgment is affirmed.
The factual background of the case is not disputed. On December 1, 2003, the Prostrans purchased property at 105 Thayer Street, Number 105, Abington, Massachusetts (“Property”). As of early September, 2008, the Prostrans proposed to sell the Property; at all relevant times, the Property was subject to two mortgages in favor of World Savings Bank. The terms of the proposed sale resulted in net sale proceeds less than the combined amount owed to World Savings Bank; accordingly, the Prostrans sought and obtained permission to sell the Property as a “short sale.”[4] The parties signed a writing in which the mortgagee agreed to release the lien on the mortgage on the Property in exchange for a set sum, “less than the full amount due,” and with the provision that the release of the mortgage “[did] not constitute a release of lien on the existing note or liability for the remaining balance on this account.” The Prostrans completed the short sale of the *201 Property on September 11, 2008. There is no indication in the record that Old Republic or any mortgagee of the Property ever initiated foreclosure proceedings against the appellants.
On August 1, 2011, some two years and ten months after the completion of the short sale of the Property, Old Republic filed suit in Plymouth District Court against the Prostrans, seeldng to recover the deficiency on the promissory note that had been secured by the discharged mortgages. Ultimately, Old Republic moved for summary judgment against the Prostrans; shortly thereafter, the Prostrans moved for summary judgment against Old Republic on the ground that Old Republic’s complaint against them was barred by the statute of limitations set out in G.L.c. 244, §17A.[5] The court denied the Prostrans’ motion and granted summary judgment to Old Republic against the Prostrans. The Prostrans appealed.
The standard of review of a grant of summary judgment is well known and oft-cited. See, e.g., Burns v. McDonald’s Corp., 2010 Mass. App. Div. 205, 208. The question ‘is whether, viewing the evidence in the light most favorable to the nonmoving party [...], all material facts have been established and the moving parly [...] is entitled to a judgment as a matter of law.’ City of Newburyport v. Woodman, 79 Mass. App. Ct. 84, 89 (2011), quoting Nelson v. Salem State College, 446 Mass. 525, 530 (2006). See also Consumer Prod. Distrib., Inc. v. Elseidy, 2010 Mass. App. Div. 269, 270.
Sullivan v. Commerce Ins. Co., 2011 Mass. App. Div. 148, 149.
Old Republic filed suit approximately two years and ten months after the short sale was completed with a resulting deficiency on the note held by Old Republic. If G.L.c. 244, §17A were the applicable statute of limitations, the Prostrans would be correct that the statute had run before Old Republic filed suit against them. Old Republic argues, however, and we agree, that that applicable statute of limitations is *202 the six-year limit for contract actions, as set out in G.L.c. 260, §2.[6] Accordingly, we affirm the trial court’s grant of summary judgment in favor of Old Republic.
By its terms, G.L.c. 244, §17A establishes a two-year statute of limitations for a limited category of claims, specifically, “[ajctions on mortgage notes... to recover judgments for deficiencies after foreclosure by sale under a power contained in the mortgage." (emphasis added). Section 17A does not refer to any mortgage note-related action other than those occasioned by a foreclosure. Foreclosure, including foreclosure under a power of sale in a mortgage, is a highly regulated legal proceeding initiated by a mortgagee for the purpose of terminating a mortgagor’s interest in the mortgaged property. See G.L.c. 186A, §1 (“Foreclosure” is “a legal proceeding to terminate a mortgagor’s interest in property, instituted by the mortgagee, and regulated under chapter 244”); G.L.c. 244, §1 et seq. (setting out requirements for foreclosure, including under power of sale). The Property in this case was not foreclosed upon, and the deficiency claimed by Old Republic was not the consequence of such an action.
The Prostrans cannot, and do not, suggest that their short sale of the Property was a “foreclosure”; rather, they argue that a literal construction of G.L.c. 244, §17A and its abbreviated statute of limitations would be unreasonable and absurd, and that such a reading would frustrate the legislative intent behind that section. Finding the language of the section clear and unambiguous, we disagree that the plain language of the section leads to an absurd result. Finally, we find such a reading to be entirely consistent with the legislative history highlighted by the Prostrans.
First, the language of §17A is clear: it sets a short statute of limitations for deficiency actions brought about by foreclosure, a process that does not require cooperation from the defaulting mortgagor.
Second, we see nothing unreasonable or absurd about the effects of a literal interpretation of §17A. The case to which the Prostrans cite on this issue, Attorney Gen. v. School Comm. of Essex, 387 Mass. 326 (1982), is not instructive here. In that case, the Supreme Judicial Court considered whether G.L.c. 76, §1 required a town school committee to provide transportation to private school students under the age of 16 to the same extent that such transportation was provided to public school students. At the time, §1 “requir [ed] that school committees provide to students attending private schools in fulfilment of compulsory attendance requirements ‘the same rights and privileges as to transportation to and from school as are provided by law for pupils of public schools.’” School Comm. of Essex, supra at 329, quoting G.L.c. 76, §1. Among other questions the Court addressed, the Court found that a literal reading of §1 would require school committees to provide transportation to private school *203 students under the age of 16 who lived beyond the minimum radius for public school bus service, no matter where the private schools were located. Id. at 336. Taking that reading to its extreme, the Court found that §1 would require Massachusetts school committees to bus students to private schools outside the Commonwealth, if the students otherwise met the public school busing requirements. Id. Looking to the public safety concerns underpinning the statute at issue, the Court articulated the general rule that in Essex, any private school student must be transported to any approved private school that is the same distance as or closer than the public school he or she is entitled to attend. Id. at 338.
A literal reading of the statute at issue here, G.L.c. 244, §17A, does not lead to any “absurd” result. Section 17A simply limits the protections of a short statute of limitations to that category of mortgage-related actions in which a party seeks to recover a deficiency resulting from the forced and legally regulated sale of real property. The fact that it does not include negotiated sales, including the short sale at issue here, is reasonable in light of the likely differences in the balance of power in negotiated short sale contexts as compared to situations in which property is foreclosed upon unilaterally by the holder of the mortgage.
Lastly, although we find that the legislative intent underpinning §17A is apparent from the wording of that section, see Martha’s Vineyard Land Bank Comm’n v. Board of Assessors of West Tisbury, 62 Mass. App. Ct. 25, 27 (2004), quoting Pyle v. School Comm. of S. Hadley, 423 Mass. 283, 285 (1996) (“[W]hen the meaning of a statute is at issue, the initial inquiry focuses on the actual language of that statute. “Where the language of a statute is clear and unambiguous, it is conclusive as to legislative intent...”’ [citation omitted]), we see the legislative history cited by the Prostrans as supporting a literal reading of that section. As the materials in the record before us malee clear, the evil to be remedied by the enactment and amendment of §17A was the ability of a lender to foreclose on a mortgage, leaving the former owner unaware of the existence of a deficiency, and then to seek recovery of the hitherto unknown deficiency decades after the sale was concluded. The obvious concerns included notice to the debtor of the deficiency and finality of the property owner’s understanding that the debt was satisfied. Those concerns are allayed in the short-sale context by the fact that the homeowner not only necessarily knows about the sale of the property and the amount of the sale, but also presumably — and in this case, certainly — knows of the existence and amount of the deficiency and has reached agreement about his or her responsibility for that amount.
The trial court ruled correctly that the two-year statute of limitations under G.L.c. 244, §17A does not apply to the deficiency action in this case. The judgment of the trial court denying summary judgment against Old Republic on that basis is affirmed.

 On the record before us, the short sale agreement was made between the Prostrans and ‘Wachovia.” The record indicates that Wachovia was a successor to World Savings Bank; it is undisputed, for this appeal, that Old Republic is the assignee of World Savings Bank. The issue of Old Republic’s standing to prosecute the underlying action and this appeal is not part of this appeal, and we do not address it.

 General Laws c. 244, §17A provides as follows:
Actions on mortgage notes, whether witnessed or not, or on other obligations to pay a debt secured by mortgage of real estate, to recover judgments for deficiencies after foreclosure by sale under a power contained in the mortgage, and actions on such notes or other obligations which are subject to a prior mortgage, to recover the amount due thereon after the foreclosure by sale of such prior mortgage under power contained therein, shall, except as hereinafter provided, be commenced within two years after the date of the foreclosure sale or, if the principal of the note or other obligation does not become payable until after the foreclosure sale, then within two years after the time when the cause of action for the principal accrues.
Such actions in cases where the foreclosure sale shall have occurred or the cause of action shall have accrued prior to January first, nineteen hundred and forty-six shall be commenced within two years after said date. Nothing in this section shall extend any other period of limitation.

 General Laws c. 260, §2 provides as follows:
Actions of contract, other than those to recover for personal injuries, founded upon contracts or liabilities, express or implied, except actions limited by section one or actions upon judgments or decrees of courts of record of the United States or of this or of any other state of the United States, shall, except as otherwise provided, be commenced only within six years next after the cause of action accrues.